## MEIGHAN v. FINN.

### In re CHILDS CO.

### No. 206.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1944.

Writ of Certiorari Granted March 5, 1945.

See 65 S.Ct. 714.

Lorenz, Finn & Lorenz, of New York City (Joseph Lorenz, of New York City, of counsel), for appellant.

Meighan & Necarsulmer, of New York City (Burton C. Meighan, Jr., and Louis A. Marchisio, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves a lease on 1553 Broadway in which the debtor conducts a restaurant in connection with the adjacent premises involved in the companion appeal decided herewith under the title of The 415 Fifth Avenue Company, Inc. v. Finn, 2 Cir., 146 F.2d 592. The lease now under consideration was made in 1922 for a term of years expiring April 30, 1947. It contains provisions by virtue of which the lessor contends that the term came to an end on August 26, 1943. On that date the lessee filed its petition for reorganization and in such petition stated that it is unable to pay its debts as they mature. On the same date the court approved the petition and appointed the appellee as the debtor's trustee. On June 23, 1944, the lessor gave written notice to the debtor's trustee that the lease "has ceased, determined and come to an end by virtue of the bankruptcy proceedings now pending * * * relating to the said Childs Company." This was followed by the lessor's petition upon which the court adjudged that the lease did terminate on August 26, 1943. The provisions of the lease relevant to that decision read as follows:

"Conditional Limitation

"4. The tenant covenants that if the rent reserved by this lease or any part thereof shall remain unpaid for more than

ten days after written notice that it has become due or if the tenant shall fail to perform any of the covenants, conditions, provisions, and agreements herein contained, or, if a petition in bankruptcy shall be filed by the tenant or if the tenant shall be adjudged bankrupt or insolvent by any Court, or if a trustee in bankruptcy of the tenant shall be appointed in any suit or proceeding brought by or against the tenant, then and in each and every such case, the term hereby granted shall immediately cease, determine and come to an end, and the landlord may recover and resume possession of the demised premises by any legal means.

  \*  \*  \*  \*  \*

"Recovery of Possession on Default

"13. The tenant covenants that if the rent reserved by this lease, or any part thereof, shall remain unpaid for more than ten days after written notice that same has become due, or the tenant shall fail to perform any covenant, condition, provision or agreement herein contained or if a petition in bankruptcy shall be filed by the tenant or if the tenant shall be adjudged insolvent by any Court, or if a trustee in bankruptcy of the tenant shall be appointed in any suit or proceeding by or against the tenant, or if the tenant shall be dispossessed or if the demised premises shall become vacant or abandoned, the landlord may recover and resume possession of the demised premises by force or otherwise, without being liable to prosecution therefor. \* \* \*"

  The sole issue presented by this appeal is whether the District Court was correct in construing the clause "if the tenant shall be adjudged bankrupt or insolvent by any court" to apply to the order of the bankruptcy court approving the debtor's petition in reorganization and appointing a trustee. The appellant contends that "insolvent" as used in paragraph 4 of the lease refers to insolvency in the bankruptcy sense, that is, to an excess of liabilities over assets rather than an inability to meet obligations as they mature. But such a construction would deprive the words "or insolvent by any court" of all utility; they would add nothing to the preceding words "adjudged bankrupt." Moreover in paragraph 13 the phrase "or if the tenant shall be adjudged insolvent by any court" is treated as a condition distinct and different from the filing by the tenant of a petition in bankruptcy, or from the appointment of a trustee in bankruptcy in any suit or proceeding by or against the tenant. In construing a contract the court should adopt a construction, if reasonable, which gives meaning to every word the parties use. Since the time-honored meaning of insolvency, in the absence of a statute specifying another meaning, is inability to meet obligations as they mature in ordinary course of business, it is entirely reasonable to suppose that the parties used "insolvent" in that sense rather than in the limited sense already covered by "adjudged bankrupt." In re Wil-low Cafeterias, Inc., D.C., 22 F.Supp. 617, 619, reversed on another ground, 2 Cir., 95 F.2d 306, 115 A.L.R. 1184, certiorari denied, Wil-low Cafeterias v. 650 Madison Avenue Corporation, 304 U.S. 567, 58 S.Ct. 950, 82 L.Ed. 1533; In re Schulte Retail Stores Corp., D.C., 22 F.Supp. 612, aff'd, In re Walker, 2 Cir., 93 F.2d 281; Model Dairy Co., Inc. v. Foltis-Fischer, Inc., 2 Cir., 67 F.2d 704. It is true, as appellant urges, that in these cases the forfeiture clauses were more detailed than is the clause now under consideration; and it is likewise true, as was said in the Model Dairy opinion, supra, that such clauses are not viewed with "a friendly eye." But we do not think the rule of strict construction would justify reading all meaning out of the words which follow, "adjudged bankrupt," in paragraph 4 of the lease. " \* \* \* We must give effect to the fair meaning of the language used," Model Dairy case, supra, 67 F.2d at page 706.

  The order is affirmed.