## FINN, TRUSTEE, v. MEIGHAN, SUBSTITUTED TRUSTEE.

No. 953.   Argued April 27, 1945.—Decided May 21, 1945.

*Mr. Joseph Lorenz* for petitioner.

*Mr. Burton C. Meighan, Jr.,* with whom *Mr. Louis A. Marchisio* was on the brief, for respondent.

Mr. Justice Douglas delivered the opinion of the Court.

Childs Company operates a chain of restaurants.   In August 1943 it filed a voluntary petition for reorganization under Ch. X of the Bankruptcy Act (52 Stat. 885, 886, 11 U. S. C. §§ 526, 530) alleging that it was unable to pay its debts as they matured.   The petition was approved

and petitioner was appointed trustee of the debtor. Childs Company had been lessee of, and had operated a restaurant on, certain premises in New York City for over forty years. Its present lease is for a term of twenty-one years ending in 1947. That lease contains the following provision:

"The tenant covenants that . . . if a petition in bankruptcy shall be filed by the tenant or *if the tenant shall be adjudged bankrupt or insolvent by any Court,* or if a trustee in bankruptcy of the tenant shall be appointed in any suit or proceeding brought by or against the tenant, then and in each and every such case, the term hereby granted shall immediately cease, determine and come to an end, and the landlord may recover and resume possession of the demised premises by any legal means." (Italics added.)

In May 1944 petitioner advised the lessor that it desired to assume the lease. Respondent replied that the lease had ceased and come to an end by virtue of the bankruptcy proceedings. Thereafter, respondent petitioned the bankruptcy court for an order adjudging that the term granted by the lease had terminated. The court granted the relief asked by the petition. The Circuit Court of Appeals affirmed. 146 F. 2d 594. The case is here on certiorari.

The bankruptcy court does not look with favor upon forfeiture clauses in leases. They are liberally construed in favor of the bankrupt lessee so as not to deprive the estate of property which may turn out to be a valuable asset. *Gazlay* v. *Williams,* 210 U. S. 41; *Model Dairy Co.* v. *Foltis-Fischer,* 67 F. 2d 704, 706. But an express covenant of forfeiture has long been held to be enforceable against the bankruptcy trustee. *Empress Theatre Co.* v. *Horton,* 266 F. 657; *Jandrew* v. *Bouche,* 29 F. 2d 346. And the 1938 revision of the Bankruptcy Act made no change in that regard. Congress granted the trustee sixty

days (unless reduced or extended) in which to assume or reject a lease. § 70 (b) of the Bankruptcy Act as amended, 11 U. S. C. § 110 (b). But at the same time, Congress provided:

"A general covenant or condition in a lease that it shall not be assigned shall not be construed to prevent the trustee from assuming the same at his election and subsequently assigning the same; but an express covenant that an assignment by operation of law or the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the same shall be enforceable."

This provision was merely declaratory of the law as it then existed.[1]

There is some suggestion, however, that that provision is applicable only in ordinary bankruptcy proceedings and not to reorganizations under Ch. X. It is pointed out that frequently the value of enterprises is greatly enhanced by leases on strategic premises and that if forfeiture clauses were allowed to be enforced, reorganization plans might be seriously impaired. But Congress has made the forfeiture provision of § 70 applicable to reorganization proceedings under Ch. X. By § 102 (11 U. S. C. § 502) it provided that the provisions of Ch. VII (which includes § 70) should be applicable to proceedings under Ch. X "insofar as they are not inconsistent or in conflict with the provisions" of that chapter.[2] Moreover, Congress provided in § 102 that "provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors,' and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter."

---

[1] See 4 Collier on Bankruptcy (14th Ed. 1942), pp. 1239–1241; Weinstein, The Bankruptcy Law of 1938, p. 159.

[2] And see §§ 114 and 115. As respects the rejection or assumption of leases under Ch. X see §§ 116 (1), 202, 216 (4). Cf. *In re Chase Commissary Corp.*, 11 F. Supp. 288.

Thus we must read § 70 (b) as providing that an express covenant is enforceable which allows the lessor to terminate the lease if a petition to reorganize the lessee under Ch. X is approved. Cf. *In re Walker*, 93 F. 2d 281. That being the policy adopted by Congress, our duty is to enforce it.

The question remains whether this lease should be so construed. There is to be a forfeiture "if the tenant shall be adjudged bankrupt or insolvent by any Court." It is said that "insolvent" is used interchangeably with "bankrupt." But it has long been held that a general assignment is an act of bankruptcy whether or not the debtor is insolvent. *West Co.* v. *Lea*, 174 U. S. 590. Thus it would seem that "adjudged bankrupt" and "adjudged insolvent" do not cover precisely the same ground. Moreover, insolvency in the equity sense has always meant an inability of the debtor to pay his debts as they mature.[3] Under the Bankruptcy Act it means an insufficiency of assets at a fair valuation to pay the debts. § 1 (19), 11 U. S. C. § 1 (19). It was long the practice to initiate reorganizations in the federal equity courts by the filing of a general creditor's bill which alleged insolvency in the equity sense.[4] There would accordingly seem to be no doubt that if a receiver were appointed pursuant to such a bill, it would bring into operation an express covenant providing for a forfeiture of a lease "if the tenant shall be adjudged insolvent by any Court." No reason is apparent why the same result should not obtain in cases of reorganization under Ch. X.

We do not believe a different result is indicated in this case merely because the provision for forfeiture on ad-

---

[3] Glenn, Creditors' Rights and Remedies (1915), § 370.

[4] *Re Metropolitan Railway Receivership*, 208 U. S. 90; 1 Gerdes, Corporate Reorganizations (1936) §§ 13, 19. Part VIII, Report on the Study and Investigation of Protective and Reorganization Committees, Securities and Exchange Commission (1940), pp. 24 *et seq.*

judication of insolvency appears in a paragraph otherwise exclusively devoted to the contingency of bankruptcy. Petitioner relies on the New York Debtor and Creditor Law, Consol. L., c. 12, which provides for the discharge of insolvent debtors in proceedings in the New York courts. §§ 50–88. It is said that insolvency under that statute means insolvency in the bankruptcy sense (§ 52) and that the covenant in question was drawn so as to provide for a forfeiture in the event of such an adjudication. But as we have said, the covenant in this lease provides for forfeiture on an adjudication of insolvency "by any Court." It is difficult to see in that language a limitation of the covenant to an adjudication of insolvency by the New York courts under the Debtor and Creditor Law.[5]

*Affirmed.*

---

[5] The other provisions of New York law dealing with insolvency commonly define it as an inability to pay debts as they mature. The New York authorities are reviewed by Judge Knox in *In re Schulte Retail Stores Corp.*, 22 F. Supp. 612, 616.