## WIEMEYER et al. v. KOCH et al.

### No. 13040.

Circuit Court of Appeals, Eighth Circuit.

Dec. 26, 1945.

Douglas H. Jones, of St. Louis, Mo. (Barak T. Mattingly and Mattingly, Berthold, Jones & Richards, all of St. Louis, Mo., on the brief), for appellants.

George O. Durham, of St. Louis, Mo., for appellees.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order in a reorganization proceeding under Section 77B of the Bankruptcy Act, as amended, 11 U. S.C.A. § 207, which denied appellants' application for rent reserved in a lease of real property which was in possession of the Trustee during reorganization proceedings of the lessee. The facts relative to the debtor's activities and the reorganization proceedings are quite fully set out in an exhaustive opinion of this court upon a prior appeal involving other issues (Sylvan Beach, Inc. v. Koch, 8 Cir., 140 F.2d 852). The record in that appeal has by stipulation been made a part of the record in the present appeal. The facts pertinent to the issues here presented may be stated as follows:

On April 26, 1932, appellants leased to Sylvan Beach, Inc., a thirty-two acre tract of land in St. Louis County, Missouri, for a term of 99 years, which property was operated by the lessee as an amusement park. The stipulated rent was $5,000 per annum, payable in quarterly installments of $1,250 each, in advance. The lessee agreed to pay all taxes on the property. Section 6 of the lease provided that in the event

232

that the rent or taxes should be in arrears and unpaid, or in the event of insolvency of the lessee, assignment for the benefit of creditors, its committing an act of bankruptcy, the appointment of a receiver for it, its adjudication as a bankrupt, and certain other named contingencies, the lease "shall by the happening of any of the said events become ipso facto determined and ended." Section 8 contained provision that any and every failure of the lessee to pay rent when due, or to pay taxes when due, and certain other contingencies, "shall at the option of the lessors, make and create a forfeiture of this lease, and a termination of the time for which said premises are hereby let and thereupon all the estate hereby conveyed shall be absolutely at an end, if so determined * * *."

The lessee defaulted in paying rent soon after the lease was executed, and on March 1, 1935, it filed a petition for reorganization, which, however, was dismissed pursuant to stipulation on June 6, 1935. On May 1, 1935, while the petition for reorganization was still pending, it executed a deed of trust conveying all of its property to Koch and Dalton as trustees, to secure the payment of its obligations, the trustees under the deed of trust being vested with the right to take possession of and operate the business until October 15, 1938, unless the obligations should sooner be paid. On July 30, 1938, the lessee, Sylvan Beach, Inc., filed a second petition for reorganization. The petition was approved by the court as properly filed and Louis W. Peters, the president of the debtor, was appointed as temporary trustee, and an injunction issued restraining appellees from taking possession of their property or bringing any legal proceedings to recover such possession. The trustee so appointed filed a petition on September 30, 1938, for instructions as to whether he should pay the rental which became due October 1, 1938. In that petition he recited the execution of the lease and its terms, setting forth that the debtor had agreed by the terms of the lease to pay as rent the sum of $5,000 per annum, in quarterly installments of $1,250 each, in advance, and alleged that there would be due on October 1, 1938, the payment of the quarterly rental from October 1, 1938, to and including December 31, 1938, amounting to the sum of $1,250. It was also alleged that there was $1,988.84 on hand at the close of business September 16, 1938. It was further alleged that "under the terms of said lease, if the rental as it becomes due is not paid within ten days said lease can be cancelled and such cancellation take effect sixty days from date of notice, as required under said lease, of such cancellation." The trustee then asked for instructions as to whether he should pay such rental which became payable on October 31, 1938. On the same date the court entered its order reciting that, "it appearing to the satisfaction of the Court that it be for the best interest of the entire estate that the rental for the period from October 1, 1938, to and including December 31, 1938, under the lease described in the aforesaid petition of this debtor be paid." The temporary trustee was accordingly ordered to make payment. On January 16, 1939, the trustee petitioned for authority to issue trustee's certificates not exceeding $1,500. In his petition it was recited that on January 1, 1939, there became due rent to March 31, 1939, amounting to $1,250, and that on December 31, 1938, there became due $272.42 to the County Collector on account of 1938 taxes, and that the trustee was without sufficient funds to pay these obligations and to pay the necessary current expenses of the estate. On the same day an order was entered authorizing the trustee to issue certificates of indebtedness in an amount not exceeding $1,500. On October 23, 1939, a similar petition was filed, alleging his inability to pay the 1939 taxes and the rent from October 1, 1939, to December 31, 1939, and that rent would again be due under the lease on January 1, 1940. An order was entered October 23, 1939, authorizing the trustee to issue certificates of indebtedness in an amount not exceeding $2,500. On November 4, 1940, the trustee filed a petition in which he set forth that there was due and payable rental for two quarterly periods from July 1, 1940, to and including December 31, 1940, amounting to $2,500, and that on December 31, 1940, taxes amounting to $300 would be due. He requested authority to issue certificates of indebtedness in the sum of $3,000, which authority was granted by an order filed on that date. All of the orders entered on these petitions were ex parte and without notice.

Between March 24, 1939, and October 31, 1941, appellants filed various petitions for discharge of the injunction and for possession of the property. No positive action seems to have been taken on these

petitions except the one filed October 31, 1941, which was denied. Following such attempts on behalf of the lessors, however, to cancel the lease and regain possession, the trustee filed petitions as heretofore recited and through orders of the court secured the money to pay the rental installments. On December 5, 1943, on petition of lessors for lifting of the injunction and for possession, the court among other things ordered that lessors be granted possession and that they recover rent up to January, 1943, and that the lease be cancelled. On appeal we affirmed the judgment in so far as it granted possession of the premises to the lessors and cancelled the lease. In other particulars the judgment was reversed. Sylvan Beach, Inc. v. Koch, supra.

Following the mandate of this court, the trial court entered an order as follows:

"It is hereby Ordered, Adjudged and Decreed:

"1. That the Findings, Conclusions and Judgment filed herein on December 5, 1942, be and the same are in all respects vacated, voided, and held for naught, except insofar as said judgment grants to Frank S. Wiemeyer and Ethel L. Wiemeyer possession of their real estate and cancellation of a certain ninety-nine year lease thereon, dated April 26, 1932 * * *."

The lessors thereafter presented their petition for payment of back rent, taxes and interest on delinquent rent in the amount of $6,900. A hearing was held on various claims including that of appellants, and on October 2, 1944, the court entered an order disallowing appellants' claim, the action of the court being based on the fact "that no order of this court was ever made authorizing the temporary trustee to affirm or adopt the lease * * * and the same was not so affirmed or adopted, hence the claimants are not entitled to the allowance of any sum by way of rent as such. If, however, the claim be construed as a demand for compensation for the use and occupation of the premises during the proceedings by the temporary trustee, the allowance, if any, must be confined in any event to the reasonable value of such use and occupation." The court then found that the reasonable value of the use and occupation of the property during the period of occupancy by the temporary trustee was not in excess of $1,800 per year, "and that during the pendency of the proceedings said lessors have been paid a sum in excess of the reasonable value of the use and occupation of the property for and during such period in addition to taxes on the property paid by the parties."

In seeking reversal of this order denying their claim appellants contend: (1) No formal election under an order of court was necessary to make the lease binding between appellants and the debtor; (2) the trustee elected to keep the lease in effect by his position taken during the proceedings; (3) the evidence is not sufficient to sustain the allowance of $1,800 per year; the lease furnished the measure of the allowance to be made.

Section 70, sub. b, of the Bankruptcy Act, as amended June 22, 1938, c. 575, Sec. 1, 52 Stat. 879, 11 U.S.C.A. § 110, sub. b, provides in part as follows:

"Within sixty days after the adjudication, the trustee shall assume or reject any executory contract, including unexpired leases of real property: Provided, however, That the court may for cause shown extend or reduce such period of time. Any such contract or lease not assumed or rejected within such time, whether or not a trustee has been appointed or has qualified, shall be deemed to be rejected."

Under reorganization proceedings the rights of a lessor and of a debtor relative to a lease are substantially the same as those prevailing in equity receiverships. Finn v. Meighan, 325 U.S. 300, 65 S.Ct. 1147; In re Walker, 2 Cir., 93 F. 2d 281. In equity receiverships a reasonable period was allowed in which the receiver might adopt or reject the lease or executory contract. If the lease be adopted the lessor is entitled to prove his claim for unpaid rent up to the time of the filing of the petition, and to be paid rent under the lease as adopted by the debtor. Where, however, there is neither adoption nor rejection of the lease within the sixty days now fixed by the statute, the debtor may be required by the court to pay the lessor for the use and occupation of the property at a rate determined by the court to be the reasonable value of the use and occupation of the property. Payment of rent upon the property by the trustee is not to be taken as rent in the sense of money due under the lease, but as payment for the use and occupation of the property so that the payment of compensation does not

234

of necessity recognize the continued existence of the lease. In re Walker, supra; Moore v. Risley, 9 Cir., 287 F. 10; Model Dairy Co. v. Foltis-Fischer, 2 Cir., 67 F. 2d 704.

■■ Here there was no formal adoption of this lease either within the sixty days limited by, the statute nor at any subsequent time. The court, however, from time to time ordered payment of the rent as provided in the lease and the payments made by the trustee were all at the rate so provided. It is insisted that this was tantamount to an adoption of the lease but the lease was certainly not assumed within sixty days from the adjudication and it was therefore deemed to be rejected. The statutory presumption of rejection by nonaction within the period of sixty days is a conclusive statutory presumption. Collier on Bankruptcy, 14th Ed., Sec. 70.43, p. 1230. The period might have been extended for cause shown but it was not so extended. There was, however, an obligation to pay the reasonable value of the use, and the payments made pursuant to order of court must, we think, be held to be payments not under the lease but as the reasonable value of the use of the premises. But it is argued that when default was made in the payments this effected a forfeiture of the lease and the lessors were entitled to reclaim possession. Various applications were made seeking to enforce this right and either the applications were not passed upon or they were rejected. Whether or not the court was correct in not permitting the lessors to repossess the property is not the question before us in this proceeding, but whether or not they were entitled to have their claim allowed in accordance with the provisions of the lease and the rate specified therein. Neither the various petitions filed by the lessors nor the various petitions filed by the trustee asking for instructions as to the payment of delinquent rent revealed to the court a proposal to assume the lease in its entirety, and it can not be said from the record that the trial judge knew or even suspected that he was being called upon to approve or adopt the entire contract. The orders directed the payment of rent for a specific period based upon the rate specified in the lease. Presumptively the proper compensation for use and occupation is the amount of rent as fixed in the lease. Gardner v. Gleason, 1 Cir., 259 F. 755; In re Sherwoods, 2 Cir., 210 F. 754, 757, Ann.Cas.1916A, 940. There was apparently before the court as the basis of the court's orders relative to the payment of rent no evidence of the reasonable value for the use and occupation of the premises except the terms of the lease signed by the lessors and the lessee which specified the rental, and as said in Re Sherwoods, supra:

"Nevertheless the rent so stipulated should be accepted as the reasonable worth of the use and occupation, in the absence of clear showing of unreasonableness."

■ Although the payments so made can not, in view of the record, be held to be payments under the lease, yet the orders of the court to make such payment in effect fixed the value of such use at the rate specified in the lease for the time covered by the various orders.

■ It is finally urged that the court erred in fixing the value of the use of the leased premises at $1,800 per annum. The finding of the court is, of course, presumptively correct. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c. It must be confined, however, in view of the record, to the period for which the rent has not already been paid pursuant to order of the court. The evidence was in conflict and this court will not disturb an order of the Bankruptcy Court based on a consideration of conflicting evidence, unless convinced that it is clearly erroneous. Barlow v. Budge, 8 Cir., 127 F.2d 440; Seaboard Terminals Corp. v. Western Maryland Railway Co., 4 Cir., 108 F.2d 911.

The order appealed from should be modified so as to apply the $1,800 valuation found by the court only to the period during or for which payment had not already been made pursuant to orders of court herein held to have fixed the value for the time specified therein. The cause is therefore remanded with directions to modify the judgment on the record as it now stands, in accordance with this opinion.