## McGIRL et al. v. STERLING NAT. BANK & TRUST CO. OF NEW YORK.

United States District Court
S. D. New York.
Feb. 29, 1952.

M. Coombs, Jr., Jersey City, N. J., Arthur R. Gaetjens, New York City, of counsel), for plaintiffs.

Glass .& Lynch, New York City, (Leslie Kirsch, New York City, of counsel), for defendant.

WEINFELD, District Judge.

This is a motion for summary judgment in an action commenced by a Chapter X trustee of Solar Manufacturing Corporation, Debtor, to recover the payment of $575,000 to the defendant upon the ground that such payment constituted an unlawful preference and is voidable by the trustee under Section 70 sub. e(1) of the Bankruptcy Act, 11 U.S.C.A..110 sub. e(1).

The debtor is a New York corporation and also transacted business in New Jersey. The petition in reorganization was filed and approved in the District Court of New Jersey. The defendant is a national banking association, located in the State of New York.

The complaint alleges two claims to recover the payment of the $575,000, which was made by two checks, one for $400,000 drawn on a New Jersey bank, and the other for $175,000 drawn on a New York bank.

The first claim, based upon Section 15 of the New York Stock Corporation Law, Consol. Laws, c. 59, alleges that the payment was made when the "insolvency of the debtor was imminent" and that the defendant "had notice and reasonable cause to believe that the insolvency of the debtor was imminent and that such payment would effect a preference to the defendant over other creditors of the same class."

The second claim charges a violation of Revised Statutes of New Jersey, 14:14-2, N.J.S.A., and alleges that the payment was a transfer made by the officers and directors of the debtor "in contemplation of the insolvency of the debtor."

Under New York law, a transfer in payment of an antecedent indebtedness cannot be avoided unless the transferee had notice or reasonable cause to believe that the transfer would effect a preference,[1]

Harper & Matthews, New York City (Harold Harper, New York City, Samuel

---

1. Hughes v. Lawyers Trust Co., 2 Cir., 108 F.2d 792, 793, certiorari denied 310 U.S. 647, 60 S.Ct. 1097, 84 L.Ed. 1413.

whereas notice or reasonable cause is not an element of a voidable preference under the New Jersey statute.[2]

The defendant, in moving for summary judgment, denies the material allegations of the complaint and supports its motion with affidavits contending that the First National Bank of Jersey City was substituted in place of the defendant as a creditor to the extent of $400,000 without any depletion of the assets of the debtor or any increase in its liability; that on the very day of the payment sought to be recovered from the defendant, the debtor procured $800,000 credit from other banks (including the $400,000 from the First National Bank); that the debtor had an estimated worth of $1,000,000; that Dun & Bradstreet had given it an Aa1 rating; that the debtor continued in business for seven months after the payment, during which time it reduced and renewed its bank credits with two other banks. It relies upon the same facts to prove that the payments were not made "in contemplation of insolvency" but rather as an incident in the continuance of the debtor's business.

Whatever potency these and other contentions of the defendant may have upon a trial, they are negatived by affidavits submitted by plaintiff in opposition to the motion. The affidavit of the former president of the debtor indicates activities on the part of a number of the defendant's executives and directors, commencing in the Summer and Fall of 1947, and continuing to the date of payment, which raise an issue as to knowledge on the part of the defendant as to the debtor's financial condition and the imminence of insolvency.

■ Whether Smyth v. Kaufman, 2 Cir., 114 F.2d 40, or Grubb v. General Contract Purchase Corp., 2 Cir., 94 F.2d 70, rules, this case should not be determined on conflicting affidavits. The facts, "to learn just what has taken place between the parties, with a view to ascertaining whether a preferential transfer of property to a credi-

tor has resulted",[3] should be developed on trial by the testimony of participants in the transactions and the issues should not be resolved definitively on unsworn memoranda. This applies not only to the $400,-000, the greater part of which was derived from the proceeds of the loan made by the First National Bank, and such conditions and restrictions, if any, in the granting of the loan, but also to the $175,000, which admittedly came out of the debtor's general funds; the debtor's financial condition; the imminence of insolvency; and knowledge of the defendant—in the event it is a relevant issue under applicable law. Since the case must be tried, the question whether the New York or New Jersey statute is applicable to either or both of the claims should also be decided after trial.

■ The defendant further seeks summary judgment with respect to both claims upon the ground that the plaintiff as a Chapter X trustee may not maintain this action under Section 70 sub. e(1) of the Bankruptcy Act absent a finding that the debtor was adjudged a bankrupt. No such adjudication was made of Solar.

Section 70, sub. e(1) provides: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor."

The defendant concedes that these powers of avoidance are also conferred upon a Chapter X trustee by Section 187 of the Bankruptcy Act, 11 U.S.C.A. § 587, but urges that a condition precedent to the exercise thereof is that the debtor shall have been "adjudged a bankrupt" in a straight bankruptcy proceeding prior to the institution of the Chapter X proceeding. 11 U.S.C.A. § 701 et seq. In my opinion so literal and rigid a construction is not only destructive

2. Hersh v. Levinson Bros., 117 N.J.Eq. 131, 174 A. 736, 739; Regina Music Box Co. v. F. G. Otto & Sons, 65 N.J.Eq. 582, 56 A. 715, 717, affirmed, 68 N.J.Eq. 801, 64 A. 1134.

3. Continental & C. T. & S. Bank v. Chicago Title & Trust Company, 229 U.S. 435, 443, 33 S.Ct. 829, 831, 57 L.Ed. 1268.

of the underlying objectives of a Chapter X proceeding, but misconceives those sections of the Bankruptcy Act which are designed to integrate the ordinary bankruptcy provisions into Chapter X. Further, this view confuses the word "debtor," used in Section 70, sub. e(1) in its ordinary and accepted meaning, with a corporate debtor, specifically defined in Chapter X.

Section 102 of Chapter X, 11 U.S.C.A. § 502, declares that the provisions of Chapters I to VII, 11 U.S.C.A. §§ 1–112, inclusive shall, insofar as not in conflict or inconsistent with the provisions of Chapter X, apply (subject to certain specified exceptions) in proceedings under that chapter. Since Section 70, sub. e is contained in Chapter VII and is not one of the specifically excluded sections, it comes within the scope of Section 102.[4]

Section 70, sub. e is an all-inclusive section of the present Act for the avoidance of preferential or fraudulent transfers and is a combination of provisions contained in former Sections 60, 67 and 70, sub. e, 11 U.S.C.A. §§ 96, 107, 110, sub. e.[5] "Together with its companion provisions, Section 70, sub. e affords the trustee a complete choice of weapons in his effort to set aside improper or invalid or fraudulent transactions." [6]

There is nothing in Section 70, sub. e which is inconsistent or in conflict with Chapter X. On the contrary, a trustee appointed under its provisions might be seriously handicapped in the effective discharge of his duties were he deprived in an appropriate case of the powers conferred upon trustees under Section 70, sub. e. The avoidance of fraudulent or preferential transfers is certainly as much in the interest of the estate of a debtor under Chapter X as one adjudged a bankrupt under other provisions of the Act. To deprive a reorganization trustee of the right to maintain a suit under Section 70, sub. e(1) unless

the debtor in reorganization was "adjudged a bankrupt" would result in a curious anomaly of bankruptcy administration. It would grant an ordinary bankruptcy trustee greater powers to assert creditors' rights with respect to transfers under applicable federal and state law than those granted a Chapter X trustee.

Congressional policy has been to expand rather than restrict the powers of a Chapter X trustee. When in Section 102 Congress specifically enumerated Section 23, 11 U.S.C.A. § 46, as being inapplicable to a Chapter X proceeding, the Supreme Court held that it had extended jurisdiction of the Federal Courts to plenary suits by a reorganization trustee even though diversity of citizenship or other usual ground of jurisdiction was lacking—a jurisdiction withheld by Section 23 in the case of a straight bankruptcy trustee. Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L. Ed. 1718.

The court, in speaking of provisions in Chapter X, defining the powers and functions of a reorganization trustee, noted: "[T]here were conferred upon him investigative powers and duties which not only contemplated the discovery of wrongs done the debtor by its former management, *but also insured the 'prosecution of all causes of action' which might 'add to the assets of corporations in reorganization.'*" (Italics supplied.) Williams v. Austrian, supra, 331 U.S. at page 657, 67 S.Ct. at page 1450.

Any intention by the Congress to restrict the powers of a reorganization trustee to maintain a suit only when the corporation has been "adjudged a bankrupt," as urged by the defendant, would require a clear expression of such purpose. Congress had little difficulty in enumerating those provisions of the Bankruptcy Act which were not to apply to Chapter X proceedings. Thus, in addition to excluding Section 23, already noted, it also made inapplicable

---

4. The text writers take the view that Section 70, sub. e is applicable to a proceeding under Chapter X. 4 Collier on Bankruptcy, 14th Edition, ¶70.70, p. 1342; Finletter, Bankruptcy Reorganizations, p. 137. Gerdes, Corporate Reorganizations, Section 599, pp. 914–915.

5. House Report 1409 on H.R. 8046, 75th Congress, First Session (1937) 32, 35.

6. 4 Collier on Bankruptcy, 14th Edition, ¶70.69, pp. 1341–1342.

Section 70, sub. f, part of the very section under consideration. Under this circumstance, the failure to enumerate Section 70, sub. e in Section 102 as being inapplicable in a Chapter X proceeding could hardly be inadvertent.

There are other indications that Congress did not intend prior adjudication in ordinary bankruptcy as a condition precedent to the right of a reorganization trustee to maintain a suit to avoid preference under Section 70, sub. e(1).

Section 102, in making the provisions of Chapters I to VII applicable to Chapter X proceedings, states that, "[F]or the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter. * * *, and the date of adjudication shall be taken to be the date of approval of a petition filed under sections 127 or 128 of this Act except where an adjudication had previously been entered."

The foregoing section was construed by the Supreme Court in Finn v. Meighan, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624, where it equated "bankruptcy" with the approval of a reorganization petition. In that case, a lease contained a termination clause in the event of bankruptcy or insolvency. Section 70, sub. b, of the Bankruptcy Act provides that "an express covenant that * * * bankruptcy * * * shall terminate the lease" is enforceable. The lessee had filed a petition in reorganization and the lessor contended that the lessee was thereby terminated. The Chapter X trustee, in effect making the same argument now advanced by the defendant, claimed that Section 70, sub. b, was applicable only in ordinary bankruptcy and not to reorganizations under Chapter X. The court, referring to the portion of Section 102 quoted above, stated: " * * * we must read § 70, sub. b, as providing that an express covenant is enforceable which allows the lessor to terminate the lease if a petition to reorganize the lessee under Ch. X is approved." Finn v. Meighan, supra, 325 U.S. at page 303, 65 S.Ct. at page 1149.

It follows that the language "debtor adjudged a bankrupt" in Section 70, sub. e(1), whenever that section is applicable in a Chapter X proceeding, must be read in the light of the terminology of Chapter X. Thus, the word "bankrupt" means a "debtor," which is defined in Section 106(5) of Chapter X, 11 U.S.C.A. § 506(5), as "a corporation by or against which a petition has been filed under this chapter". This is in contrast to "debtor" used in Section 70, sub. e(1) in its ordinary and accepted meaning—one who owes a debt. So, too, "adjudged" refers to the approval of the reorganization petition—the Chapter X analogue to an adjudication in bankruptcy. Finn v. Meighan, supra. Accordingly, the clause "debtor adjudged a bankrupt" in Section 70, sub. e(1), when applied to a Chapter X proceeding, means a corporate debtor in a proceeding wherein the petition for reorganization has been approved. Under such circumstances, a corporate debtor is a "debtor adjudged a bankrupt."

Other sections of the Act make for the view that the statutory plan was to assimilate generally the provisions of Chapters I to VII in a proceeding under Chapter X. Thus, Section 114, 11 U.S.C.A. § 514, provides that "[U]pon the approval of a petition, the jurisdiction, powers, and duties of the court and of its officers, where not inconsistent with the provisions of this chapter, shall be the same as in a bankruptcy proceeding upon adjudication." Again, as previously noted, by Section 187 a trustee under Chapter X is given the same rights and powers and charged with the same duties as a trustee appointed under Section 44, 11 U.S.C.A. § 72. Finally, Section 200, 11 U.S.C.A. § 600, contains the comprehensive direction that where not inconsistent with the provisions of Chapter X, the rights, duties and liabilities of creditors and of all other persons shall be the same upon approval of the petition as in a bankruptcy proceeding upon adjudication. Here is emphatic legislative direction that so far as practicable, approval of the petition is to be treated as the equivalent of an adjudication.

The defendant's contention that the absence of a prior adjudication in ordinary bankruptcy is a bar to this action must, therefore, be rejected.

The motion is denied.

Settle order on notice.