MILDRED SPATH v. ESTATE OF CHARLES SPATH
(CHARLES O. SPATH, EXECUTOR)

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 85253

Memorandum filed March 27, 1952.

*Marsh, Day & Calhoun,* of Bridgeport, for the Plaintiff.

*Paul L. Miller,* of Bridgeport, for the Defendant.

MELLITZ, J. This is an appeal from an order of the Probate Court for the district of Bridgeport authorizing an executor to mortgage certain real estate over the objection of the appellant, who is a specific devisee of a life interest in the real estate proposed to be mortgaged.

The appellant is the widow of the deceased. She was married to him subsequent to April 20, 1877. The will specifically devised to her a life interest in certain real estate in lieu of her statutory share. The real estate is appraised at $25,000 and is subject to a mortgage of $2800. It is the sole asset of the estate except for a bank account of $2.34. The executor needs to obtain funds with which to pay ante-mortem debts, widow's allowance, and funeral and administration expenses. The only source from which such funds may be obtained is a sale of the real estate or a mortgage, free of the appellant's life interest. The appellant has refused to consent to such a mortgage or sale. The Court of Probate, over the objection of the appellant, authorized the executor to mortgage the real estate, including the appellant's life interest, to an amount of $5800, inclusive of the existing mortgage of $2800. The estate is being settled as a solvent estate.

Section 7023 of the General Statutes provides: ". . . Real estate of a decedent whose estate is solvent and either specifically devised by will or forbidden by will to be sold or to be mortgaged, shall not be so ordered to be sold or mortgaged without the written consent of the specific devisees. . . ."

Section 7022 of the General Statutes empowers the Court of Probate to authorize the sale or mortgage of any real estate of a deceased person where such action is for the best interest of the parties in interest; but that power is limited .by § 7023, quoted above, which prohibits such a sale or mortgage without the written consent of the specific devisee, where the estate is solvent.

The reason for the limitation expressed in § 7023 obviously is that ordinarily where an estate is solvent there is no need to resort to specifically devised real estate for the purpose of obtaining funds required for the purpose of the payment of debts and the expenses of administering the estate. But when needed for such purposes, specifically devised real estate may be resorted to, the only restriction being that, under the provisions of § 6953 of the General Statutes, it is the last property to be taken. *Shannon* v. *Eno,* 120 Conn. 77, 91; *Duffield* v. *Pike,* 71 Conn. 521, 529; *Hewitt* v. *Sanborn,* 103 Conn. 352, 371; *Hewitt* v. *Beattie,* 106 Conn. 602, 620.

Here, the specifically devised real estate is the only source from which funds may be obtained for the purpose of satisfying debts and charges against the estate. Clearly, the Probate Court had the power under § 6953 to order a sale of the property, if it was required for such purposes. If it could order a sale, it could likewise order that the property be mortgaged, under the provisions of § 7022, in lieu of a sale, if the court deemed such action to be for the best interest of the parties.

Moreover, the prohibition in § 7023 against a sale or mortgage of specifically devised real estate without the written consent of the devisee applies only in the case of a decedent "whose estate is solvent." Here there is ample justification for a finding that the estate of this decedent is not solvent. It is true that the estate is being probated as a solvent estate. But the manner in which the estate is being probated does not establish the solvency of the estate. Any estate may be settled as insolvent under the provisions of § 7011 of the General Statutes if the Probate Court deems it expedient, even though it is not found actually to be insolvent. *Reiley* v. *Healey,* 124 Conn. 216, 222. Whether the estate shall be settled as an insolvent estate depends on whether the Probate Court determines it to be the best method of settling the estate, the fact of insolvency not being a necessary condition precedent. 2 Locke & Kohn, Conn.

Probate Practice 538, § 495. In our cases the question of solvency or insolvency has usually been considered only from the aspect of whether the assets exceed the liabilities. For example in *Bacon* v. *Thorp,* 27 Conn. 251, 263, it is said that an estate originally represented as insolvent may be treated as no longer insolvent whenever it appears that there is property enough for all debts. But this is only one test of solvency. In 2 Bouvier's Law Dictionary (Rawle's 3d Rev.) 1602, the definition of "insolvent" is given as "The condition of a person who is unable to pay his debts. . . . One who is unable to pay his debts as they fall due in the usual course of trade or business . . . although his assets in value exceed the amount of his liability." In the absence of controlling statutory definition, "insolvency" usually refers to inability to meet one's obligations as they mature in the ordinary course of business, rather than an excess of liabilities over assets. *Meighan* v. *Finn,* 146 F. 2d 594, 595, aff'd, 325 U. S. 300; *People* v. *Biscailuz,* 95 Cal. App. 2d 635. In this aspect the estate here is insolvent. Despite the fact that the appraised value of the estate is very substantially in excesss of the obligations required to be met by the executor, no funds are available for this purpose unless the real estate is resorted to, and this source is closed to the executor by the provisions of § 7023, in view of the position taken by the appellant.

The appeal is dismissed.