Gilbert **ROBINSON**, Trustee, etc.,
Appellant,

v.

John H. **HADLEY** and Lucille M. Hadley,
Appellees.

No. 19951.

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1965.

Irving Sulmeyer, Sulmeyer & Kupetz, Los Angeles, Cal., for appellant.

Jerome T. Stewart and Wm. D. Keller, Los Angeles, Cal., for appellees.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

HAMLIN, Circuit Judge.

On January 3, 1964, the Beefeater Inn, a California corporation which operated a restaurant in Los Angeles, filed an original petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799. The referee entered an order appointing David Robinson, appellant herein, as receiver, authorizing him to operate the business of Beefeater until further order of the court and enjoining creditors and lessors from interfering with the operation of the business. On January 29, 1964, Robinson as receiver for Beefeater applied for an order authorizing him to pay past due and future rent to John H. Hadley and Lucille M. Hadley, lessors of the premises occupied by the Beefeater Inn and appellees herein. The receiver alleged in said application that unless said rent was paid pursuant to the written lease between appellees and Beefeater the appellees would regard the lease as terminated pursuant to the "bankruptcy clause" in the lease which provided:

> "The lessors may, at their option, terminate this lease should the lessee be adjudged bankrupt or insolvent, or should a receiver be appointed which appointment shall affect this leasehold interest."

It was further alleged in said application that "it is a condition precedent to the effective presentation of any plan of ar-

rangement in this proceeding that said rental payments be brought up to date and said leases be maintained during the pendancy [sic] of these proceedings."

On the filing of said application the referee made an ex parte order on the same day reading in part as follows:

"ORDERED, that Gilbert Robinson, the receiver herein, is hereby authorized and directed to pay to John and Lucille Hadley the sum of Twenty-eight Hundred Dollars ($2,800.00) representing the rent accrued as of the date of the institution of these proceedings for an arrangement, and said sum being the minimum monthly rental due for the months of December, 1963 and January, 1964, and it is further

"ORDERED, that Gilbert Robinson, the receiver herein, is hereby authorized and directed to pay to John and Lucille Hadley, as per the attached Application For Authority to Pay Rent, any percentage rentals which may be due and owing to said lessors for the months of September through December, 1963, and it is further

\*   \*   \*   \*   \*   \*

"ORDERED, that Gilbert Robinson, the receiver, be and he hereby is authorized to maintain the above leases and to make payments thereon as long as he shall remain receiver of the above entitled estate, if and when such funds are available for such purpose, until the further order of the court."

The payments authorized by the above order were made by the receiver through March, 1964.

Hearings before the referee were held on April 10 and April 13, 1964, in reference to a proposed plan of arrangement for Beefeater. As a result of these hearings, the referee on April 17, 1964, made an order refusing confirmation of the proposed plan of arrangement, adjudicating Beefeater a bankrupt, and appointing Robinson as trustee in bankruptcy. Said order read in part as follows:

"ORDERED that Confirmation of the Arrangement proposed by the Debtor be and it hereby is refused; and it is further

"ORDERED that the proceeding commenced by the filing herein of the Debtor's petition under Section 322 of the Bankruptcy Act proposing an arrangement under Chapter XI of said Act be, and it hereby is, dismissed, and it is further

"ORDERED that the above named Debtor is adjudicated a bankrupt, and that bankruptcy be proceeded with pursuant to the provisions of the Bankruptcy Act;  \*  \*  \* ."

At the hearing on April 10 and April 13, the attorney for appellees indicated in open court that appellees intended to file an application to cancel the lease with Beefeater pursuant to the "bankruptcy clause" in said lease. A stipulation was approved to the effect that any subsequent rental payments would be without prejudice to appellees' right to terminate the lease if that right had not already been waived.

On May 6, 1964, appellees applied for and received an order to show cause to reclaim from Beefeater the leased premises, alleging that on April 17, 1964, Beefeater had been adjudicated bankrupt and that the bankruptcy clause in the lease had been breached.

In a memorandum decision filed June 23, 1964, the referee held that by accepting the rental payments during the period of February 5, 1964, through April 7, 1964, appellees had waived their rights under the bankruptcy clause, and ordered that the lessor's application to terminate the lease and for restitution of the premises be denied. Appellees filed a timely petition for review of the referee's order in the United States District Court for the Southern District of California, Central Division.

The district court held that the appellees had not waived and had exercised their option to terminate the lease on the ground that Beefeater had been adjudged bankrupt. It ordered that the order of

the referee be reversed and that the lease be terminated and restitution of the premises be made. From the judgment of the district court appellant appeals, invoking the jurisdiction of this court pursuant to 11 U.S.C. §§ 47 and 48.

■ The district court premised its decision on its concurrence in appellees' assertion that although they had waived their right to terminate the lease by reason of and during the appointment of a receiver under the Chapter XI proceedings, they had not waived their right under the bankruptcy clause to terminate the lease by reason of the adjudication in bankruptcy. We agree.

The bankruptcy clause in the lease is set out above. It clearly gave the appellees a right to terminate for more than one breach. The option to terminate is effective "should the lessee be adjudged a bankrupt *or* insolvent *or* should a receiver be appointed which appointment shall affect this leasehold interest." The lease also contains a provision reading "the waiver by the lessors of any breach of any term, covenant or condition contained shall not be deemed to be a waiver of any subsequent breach of the same or any other term, covenant or condition herein contained."

As stated by the Supreme Court in Finn v. Meighan, 325 U.S. 300 at 303, 65 S.Ct. 1147 at 1149, 89 L.Ed. 1624, " * * it would seem that 'adjudged bankrupt' and 'adjudged insolvent' do not cover precisely the same ground."

■ The finding of the referee that appellees' conduct prior to the adjudication in bankruptcy on April 17, 1964, waived their right to terminate the lease after the bankruptcy adjudication is clearly erroneous, as is the finding by the referee that appellees had not exercised their option to terminate the lease. As the district court stated in its opinion, "clearly the filing of the petition for reclamation constituted the required act * * * ; and there is no doubt that

under the law the lessors had exercised their right to terminate by May 6, 1964." [1]

The record contains substantial evidence that after the adjudication of bankruptcy on April 17, 1964, the appellees had not waived any rights under the bankruptcy clause, and we agree with the holding of the district court that there was no such waiver.

Judgment affirmed.

---

1. Appellant cites several cases wherein courts have found waiver, but correctly points out that "other cases of forfeiture

clauses and waiver are not really of too much help. Each case must necessarily be decided on its own facts."