In the Matter of IMPERIAL "400" NATIONAL, INC., a Delaware corp., Bristol Financial Corporation, a New Jersey corp., Imperial "400" Corporation, a Nevada corp., Imperial "400" Land Corporation, a Delaware corp., Motor Hotel Properties, Inc., a New Jersey corp., Trans-National Development Corporation, a New Jersey corp., Four Hundred Construction Corporation, a Delaware corp., National Motel Construction Company, a California corp., and Trans-World Motel Supply Corporation, a California corp., Management Directions, Inc., Debtors.

Appeal of Patrick J. KINNEY, as Trustee and Assignee of the Lessor with respect to a certain Lease dated September 21, 1962, etc.

No. 18751.

United States Court of Appeals,
Third Circuit.

Argued June 5, 1970.

Decided July 23, 1970.

Max L. Rosenstein, Newark, N. J., for appellant.

Paul Gonson, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C., for Securities and Exchange Commission.

Joseph M. Nolan, Nolan & Lynes, Newark, N. J. (Ernest R. Nuzzo, Newark, N. J., on the brief), for trustee.

Sheldon Schachter, Kleinberg, Moroney, Masterson & Schachter, Newark, N. J. (Henry S. Gordon, Newark, N. J., on the brief), for Unsecured Creditors Committee.

Before FREEDMAN,* VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is another appeal arising from the Chapter X corporate reorganization of Imperial "400" National Inc. (Imperial) being conducted in the District Court for the District of New Jersey. The present appeal also concerns the Benton Harbor Imperial "400" Motel in Benton Harbor, Michigan which was the subject of an appeal argued on the same day. *See* In re Imperial "400" National, Inc., 429 F.2d 671 (3 Cir. 1970).

Appellant, Patrick J. Kinney, challenges an order by Judge Shaw entered January 12, 1970, which denied Appellant's motion to vacate a prior order of the District Court enjoining Appellant (although not named) from initiating any legal action to obtain a judicial determination that a lease between Appellant and Imperial was terminated, and also denied Appellant the right to terminate such lease and obtain possession of the premises.

John J. Kinney, Jr., and Magdalene M. Kinney, his wife, were the owners of the land upon which the Benton Harbor Motel stands. On September 21, 1962, the Kinneys leased the land to Imperial for sixty-five years at a monthly rent of $625.00. The Kinneys then assigned the lease and land ownership to Appellant. Imperial thereafter assigned a sublease of thirty-five years duration to a partnership which now owns the Benton Harbor Motel. Imperial has a 50% interest as a general partner and a 25% interest as a limited partner in that partnership, and Douglas and Mary Ellen Kuball own a 25% interest as general partners in the partnership. Imperial filed a petition under Chapter XI which was then amended to conform to Chapter X. A Trustee was appointed on July 7, 1967 to manage the motel.

Appellant contends that the Trustee and Imperial (prior to the appointment of the Trustee) were in default of the

---

* Judge, FREEDMAN did not participate in the decision of this case.

lease. Appellant claims that he has the right to terminate the lease for the following reasons: the rent has not been paid since April, 1969, the real property taxes have not been paid as required by paragraph two of the lease, the Trustee has failed to secure and furnish copies of fire insurance policies as required by paragraph five of the lease, the Trustee has failed to pay the liability coverage as required by paragraph six of the lease, and the Trustee has failed to pay interest and principal payments under the mortgages encumbering the premises as required by paragraph seven of the lease:

The Trustee, however, stated in open court before Judge Shaw and during oral argument in this Court that he had offered to pay the rent just as he had offered to pay bankruptcy creditors in full for debts incurred after June 3, 1965. The Trustee has also informed this Court by letter that the real estate taxes on the Benton Harbor Motel have been paid.

As the record in Appeal Nos. 18,217–18 indicates, there was a petition in bankruptcy filed in Michigan by one of the general partners on behalf of the partnership which operates the Benton Harbor Motel. The New Jersey reorganization court enjoined the Michigan proceeding and transferred it to the New Jersey court in an attempt to resolve in one proceeding all controversies affecting Imperial.

■■ If the Appellant were allowed to proceed against Imperial in Michigan for a judicial determination of his rights, the purpose of the transfer would in large part be defeated. A reorganization court has exclusive jurisdiction over the property of a debtor wherever located (Bankruptcy Act § 111, 11 U.S.C.A. § 511), and may enjoin or stay "the commencement or continuation of a suit against a debtor." Bankruptcy Act § 113, 11 U.S.C.A. § 513. Courts of Bankruptcy are "essentially courts of equity" and have "the power to issue an injunction when necessary to prevent the defeat or impairment of [their] jurisdiction." Continental Illinois National

Bank and Trust Co. v. Chicago Rock Island & Pacific Ry. Co., 294 U.S. 648, 675, 55 S.Ct. 595, 606, 79 L.Ed. 1110 (1935).

Appellant as one of Imperial's creditors was given notice of the transfer and consolidation of the Michigan bankruptcy proceeding. He filed an objection to the transfer, but the transfer was ordered and approved by this Court in Appeal Nos. 18,217–18.

■ In view of the statement of the Trustee offering to pay the contested rental obligation there is, contrary to Appellant's contention, no equitable reason to reverse Judge Shaw's order and to allow the Appellant to proceed in Michigan. Indeed, Judge Shaw concluded that it would be inequitable if the Appellant were permitted to terminate the lease and thereby obtain possession of the motel built by Imperial.

In addition to his claim that he is entitled to possession of the motel premises because of the default of the lessee, Appellant argues that since the Trustee did not adopt or reject the lease within sixty days of the date the petition in reorganization was filed, or within a reasonable time, the lease should be considered rejected under the language of § 70(b) of the Bankruptcy Act. (11 U.S.C.A. § 110(b)).

A number of courts have, however, indicated that § 70(b) is not applicable to Chapter X reorganizations because it is inconsistent with § 116(1) of the Bankruptcy Act (11 U.S.C.A. § 516(1)). Texas Importing Co. Ltd. v. Banco Popular de Puerto Rico, 360 F.2d 582, 584 (5th Cir. 1966). Title Insurance and Guaranty Co. v. Hart, 160 F.2d 961, 965 (9th Cir. 1947) cert. denied 332 U.S. 761, 68 S.Ct. 64, 92 L.Ed. 347; In re M & S Amusement Enterprises Inc., 122 F.Supp. 364 (D.Del.1954). See also Entin v. Stevens, 323 F.2d 894, 899 (8th Cir. 1963).

■■ In a Chapter X reorganization the power to terminate a lease clearly resides with the reorganization court.

Bankruptcy Act § 116(1).[1] The time for the Trustee to reject or accept the lease was extended to June 30, 1970, by order of Judge Shaw dated March 16, 1970. Since the Court extended the time for the Trustee to reject or adopt the lease, the Appellant's point is without merit.[2]

Nor do we accept Appellant's argument that the appointment of a trustee in reorganization constituted a breach of an "express covenant" in the lease which would terminate the lease. *See* Bankruptcy Act § 70(b). The lease states in paragraph 12 that,

"Lessor reserves the right to terminate this Lease and to re-enter * *

(1) Upon any general assignment for the benefit of creditors of Imperial

(2) Or upon the adjudication that Imperial is bankrupt;

(3) Or upon the sale under execution of the leasehold estate or any part thereof."

The above language does not specify the appointment of a trustee in reorganization. Finn v. Meighan, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624 (1945), heavily relied on by Appellant, held that an express covenant terminating the lease in the event the tenant shall be adjudged bankrupt or insolvent by any court was enforceable, and that the word "insolvent" included insolvency in the "equity" as well as "bankruptcy" sense. However, forfeiture clauses in leases are as a general rule not favored in the law. Indeed, in *Finn*, the Court said they are "liberally construed in favor of the bankrupt lessee so as not to deprive the estate of property which may turn out to be a valuable asset." 325 U.S. at 301, 65 S.Ct. at 1149. *See also* In re Clerc Chemical Corporation, 142 F.2d 672, 674 (3rd Cir. 1944). Since the lease here clearly does not provide for its termination on appointment of a trustee in reorganization or on the filing of a petition in bankruptcy, there is no basis to interpret the lease in this manner.

The only remaining ground for Appellant's right to terminate the lease is the alleged breach of express covenants to pay rent and other obligations. However, the Trustee has offered to fulfill these covenants.

We therefore conclude that the District Court's order enjoining Appellant terminating the lease and from initiating proceedings in Michigan was proper. However, in view of the statements, both in the District Court and in this Court, that the trustee could and would make the payments and adhere to various conditions, we shall remand the case to the District Court with instructions to modify its order and condition it, at the least, upon the payment by the trustee of the rent, taxes, mortgage interest obligations and the production of the insurance policies which the trustee assured this Court were in effect.

---

1. *See also* sections 216(4), 106, 202 of the Bankruptcy Act, 11 U.S.C.A. §§ 616(4), 506, 602.

2. In his reply brief Appellant argues for the first time that he is entitled to the reasonable rental value of the premises rather than the lease rental. He bases this theory on Philadelphia Co. v. Dipple, 312 U.S. 168, 61 S.Ct. 538, 85 L.Ed. 651 (1941). This is the first time Appellant has requested this relief. In fact, the request is inconsistent with his petition in the District Court.