## In re COMPANIA DE LOS FERROCAR-RILES DE PUERTO RICO.
### No. 1788.

District Court, Puerto Rico.
March 25, 1948.

Jose G. Gonzalez, of San Juan, P. R., for Trustee.

Sergio G. Gelpi, of San Juan, P. R., for petitioners.

James R. Beverley, of San Juan, P. R., for debtors and intervenor.

CHAVEZ, District Judge.

Juan C. Gonzalez has filed a petition for payment of pension and reinstatement of insurance policy alleging that prior to the filing of proceedings for the reorganization of the Compania de los Ferrocarriles de Puerto Rico, certain rules and regulations were approved and put into effect by said corporation establishing a system of retirement and payment of pensions for the benefit of employees who had reached 50 years of age and had rendered service for a period of over 25 years and that the granting of said pensions constituted a part of the compensation paid to said employees in consideration of their services.

The petitioner further alleges that on May 10, 1947, pursuant to the provisions of the pension rules and regulations and after having rendered services to said company for over 25 years and having reached the required age, that he applied for his retirement pension and was granted the same in the sum of $93.13 per month, which sum was paid to him up to August 15, 1947, the date the temporary Trustee discontinued payment thereof.

The petitioner further alleges that the said railroad company, as an additional compensation to the employees and in consideration of their services, approved and put into effect a system of group life insurance policies during a large number of years and up to the date of the filing of the reorganization proceedings; and that in virtue thereof, the Aetna Life Insurance Company issued policy No. 6051 to the petitioner which provided insurance on his life in the amount of $3,000.

It is further alleged that the Trustee, Mr. Fernando Zegri, has (a) discontinued the payment to petitioner of the pension, and (b) has cancelled the life insurance certificate issued by the Aetna Insurance Co., in favor of the petitioner effective September 1, 1947.

The petitioner prays for an order against the temporary Trustee providing for the payment of the pension and the reinstatement of the life insurance policy above mentioned.

The Trustee of the railroad company has moved to dismiss the petition upon the principal ground, among others, that the period of petitioner's services with the debtor terminated prior to the filing of the petition for reorganization and contends that petitioner has no claim whatsoever against the Trustee in connection with his operation of the property, but only has an unsecured claim for the payment of money from the estate of the debtor.

Although the petition of Juan C. Gonzalez does not allege that part of the salary or monies of the employees were withheld or deducted from the employees' salaries and placed in a pension fund, he does argue in his brief "that the monies represented by said pension and insurance are not property of the debtor railroad company; it is money withdrawn and deducted from employee's earnings and pay envelopes for 25 long years and although it was not earmarked as the Trustee claims, it actually

constitutes a trust for the benefit of a pension and insurance plan, etc."

Because of the above statement and the suggestion made by the attorney for the petitioner that the Court request the Trustee to submit a list of the pensions which he has assumed and paid and of those which he has discontinued to pay, as is the case of the petitioner herein, the Court has deemed it necessary to request all pertinent data from the Trustee of the Railroad company.

The Trustee has submitted a statement of the status of the pension employees at the time the Trustee took over the Railroad and has subdivided the groups in three parts, as follows:

Group "A":—37 employees had been receiving pensions in the total amount of $645.74 monthly, which were discontinued on the grounds that there was no contractual obligation to continue them, insofar as they had been so pensioned voluntarily by the Company, with no contribution from the employees which had been set up under a company regulation, since 1923, which specifically stated it was a gratuitous concession of the company and liable to revocation at any time.

Group "B":—33 employees had been receiving pensions in the total sum of $575.-20 monthly. These pensions were continued by the Trustee, based on the fact that they were expressly covered by a collective bargaining agreement with the workers.

Group "C":—12 employees had been receiving pensions in the total amount of $841.98 monthly, which were discontinued on the grounds that they were administrative and executive employees, who were not covered by the collective bargaining agreement and falling within the company's voluntary pensions regulations established in 1923, subject to revocation at any time.

A further report shows that the petitioner herein falls under classification "C" having held the position of "Jefe de Trafico," and having been pensioned in May 1947 in the sum of $46.56 bi-monthly.

Insofar as group "B" employees are concerned, the collective bargaining agreement of November 16, 1945, which affected 37 employees provided briefly as follows:

"Retirement: The Company shall maintain a retirement system for all of its employees who have entered the same at the age of forty five or less; it being understood that any employee eligible for retirement may continue working for the company should he desire to do so and if the company deem it to be in its interest.

"(1) All employees, regardless of grade who, having been employed by the Company for a period of not less than twenty (20) consecutive years attain the age of 65 years.

"(2) All employees, regardless of grade, who, having been employed by the Company for a period of not less than twenty five (25) consecutive years, attain the age of (50) years or more."

The pension regulation of the employees as set up by Circular No. 379, sets out a letter dated April 11, 1923 entitled "Circular from the Management #379—Retirement Fund," which, among other things, provides as follows:

"I wish to state clearly that the benefits of retirement of our old employees, does not create a right, but that it is merely a privilege that the company grants which may be revoked and which may be, individually or collectively, withdrawn any time at the will of the company."

The collective bargaining agreement between the American Railroad Company of Puerto Rico and its employees signed November 15, 1945, on page (4) provides, among other things, as follows:

"It being understood, however, that administrative and executive employees, supervisors, (that is, employees having to a certain degree executive or administrative duties), professional men, cashiers, paymasters, timekeepers on special works, and heads of departments and divisions, the secretary, assistant secretary, and the stenographer of each department or division head, stenographer of the maintenance of way, section chiefs, the stenographer of train chiefs, the stenographers of the principal chiefs of shops and warehouses, and the secretary of the Mayagues warehouse;.

two in charge of general files; two book-keepers; examiners of accounts, inspectors of trains, five in charge of payrolls in San Juan, two in charge of preparing payrolls at the Shops at Km. 4; one in charge of payrolls in Mayaguez, two in charge of payrolls in Ponce; and the secretary of the Superintendent of Piers, shall be excluded from this agreement."

The insurance policy mentioned in paragraph (5) of the petition is not incorporated and made a part of the petition and no facts are set up in the petition as to when the group life insurance system was set up or established by the railroad company.

The collective bargaining agreement hereinabove mentioned on page 20, paragraph "J," with reference to insurance policy, provides as follows:

"The company shall maintain the life insurance system for its employees in the same manner as it has been doing up to the present time and there shall be delivered to each employee a group insurance policy certificate, it being understood, however, that said employees shall receive a permanent appointment, etc. * * *"

The Trustee has submitted to the Court what evidently is a form letter from E. S. Jimenez, General Manager of the American Railroad Co. of Puerto Rico to its employees on the subject of group insurance policies and which among other matters sets up as follows: "Since this insurance is donated by the company as a gratuity to its employees, it is understood that same can be cancelled or modified as we deem it necessary."

It would appear, therefore, that the Trustee has continued the pension payments and the group life insurance policies as to those employees covered by the collective bargaining agreement made between the representatives of the Union representing the workers (which provides for the continuation of the pension and insurance policy plan of the railroad company), and the railroad company, or conversely, has discontinued the payment of pensions and payments on insurance policies as to those employees who are not included in the collective bargaining agreement. In support of his position, the Trustee contends

that as to those employees not covered by the collective bargaining agreement there is no contractual obligation on the part of the company to continue either the pension payment or the insurance policies, and argues further that they were a gratuity and subject to revocation at any time.

The factual situation set out above was obtained by the Court on its own initiative and should either party dispute the factual situation as obtained by the Court or feel that the Court is in error as to any substantial fact, then the matter would be subject to reconsideration by the Court.

The Court is of the opinion that the proper procedure is for the petitioner to file his claim as a creditor wtih the Trustee, who will then consider the claim together with the claims of other creditors.

The motion of the Trustee to dismiss the petition is granted.