**In re SCHENECTADY RY. CO.**

No. 35188.

United States District Court
N. D. New York.

Aug. 31, 1950.

68

M. William Bray, Schenectady, N. Y., trustee.

J. F. Heaward Robinson, Jr., Schenectady, N. Y., for debtor and trustee.

John F. O'Donnell, New York City, Robert Silverman, Schenectady, N. Y., of counsel, for Transport Workers Union of America.

George B. Smith, Schenectady, N. Y., for Mohawk Nat. Bank of Schenectady.

Moses & Singer, New York City, Arnold Jaffee, New York City, of counsel, for Public Nat. Bank & Trust Co. of New York.

Arthur F. Newell, New York City, for Reconstruction Finance Corp.

Thomas R. Tillott, Schenectady, N. Y., Maurice LaFleche, Schenectady, N. Y., of counsel, for petitioning creditor.

Owen Begley and J. Vincent Smith, Corporation Counsel, Schenectady, N. Y., for City of Schenectady.

BRENNAN, Chief Judge.

This proceeding involves the legal propriety of the payment by a Trustee in reorganization of monthly pension payments to retired employees of the debtor corporation. The background for the decision is afforded by a brief statement of the facts.

The Schenectady Railway Company, a corporation which furnished bus transportation service in the City of Schenectady and over some two or three interurban routes, filed a petition in this Court under the provisions of Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition was approved and a trustee was appointed by the order of this Court filed June 16, 1950. Under the terms of the order of appointment the trustee, who took possession on June 18, 1950, was authorized to operate the business, manage the property of the debtor and to pay from the moneys in his hands or thereafter coming into his hands the expenses of operation, including the reasonable wages of all employees employed by him. Under the order, the bus service previously supplied by the debtor has been furnished by the Trustee with one four day interruption due to work stoppage by employees.

At the time of the filing of the petition there was in effect a written agreement which will be hereinafter referred to as the labor contract. This agreement was executed by the debtor and the Transport Workers Union of America, whose membership generally included all employees except those performing office or supervisory duties. The contract provided by its terms an hourly compensation rate of pay for employees and it defined working conditions, including seniority rights, vacation pay, etc. Section 22 of the labor contract provided that each employee who had attained the age of sixty-five years and had completed twenty-five years of service with the company, or who had completed fifteen years of service and shall have become permanently disabled should be entitled to retire on a pension to be paid by the debtor. The details of the arrangement are unnecessary here, except to quote the following provision, viz.:

"The Company agrees that effective as of the first day of January, 1950, it will from the date of his retirement and for the balance of his natural life, pay to each employee heretofore or hereafter retired, the sum of Eighty Dollars per month less one-half of the primary benefits, if any, received by said employee pursuant to the provisions of the Social Security Act [42 U.S.C.A. § 301 et seq.]."

The labor contract above referred to succeeds previous written labor agreements which define the relationship between the Company and its employees for successive years beginning in the year 1945. In accordance with the prior agreements there were some twenty-five employees who had been retired under the provisions thereof prior to the appointment of the Trustee. The total payments due said employees amounted to some $1600.00 per month and had been paid monthly by the Company from operating revenues. The obligation was not in any way funded or secured and the employees made no money contribution on account thereof.

The Trustee, on taking office, retained the same employees, who were paid for their services upon the hourly basis, as provided in the labor contract.

The present proceeding arises through the medium of an order to show cause, wherein a creditor seeks to enjoin the payment by the Trustee of the pension payments above referred to. The Trustee filed an answer submitting his rights and obligations to the Court for determination. The Transport Workers Union of America appeared in behalf of its present employee members and in behalf of all employees who have been retired under the provisions of the labor contracts mentioned above. It asserts in its answer that the present labor contract mentioned above is in full force and effect, that it has been assumed by the trustee, that a failure to make pension payments would constitute a breach thereof, that such payments are properly an item of operating expense, and in substance, requests that the trustee be directed to make such payments.

The holders of the first mortgage liens appear herein. While they filed no answer, they object to the burdening of their security by all operating costs and urge that if pension payments are to be made, the order authorizing same should be temporary and nonprejudicial in nature.

Upon the hearing evidence was received and the question is now before the Court for decision.

The petition for reorganization disclosed that the debtor was in a precarious financial condition. The public nature of the services rendered by the debtor and the knowledge of the nation's dependence upon certain industries located in that area precluded delay in arranging operating details. The record is entirely silent as to affirmative action on the part of the Trustee which would indicate that the labor contract had been adopted, as contemplated by the Bankruptcy Act. No application was made to this Court either for permission to adopt or to compel the adoption of the labor contract. Attention is called to the fact that the contract, by its language, binds the debtor to make pension payments during the balance of the lives of the pensioned employees. The financial obligation incurred by the above provision necessarily is large in amount. Reorganization contemplates the control of the debtor's assets by the Court, and it would seem to follow that the Trustee could not make such obligation his own which might seriously encumber the assets without the consent and approval of the Court. Collier on Bankruptcy, 14th Edition, Vol. 6, pages 687 and 691 and cases cited therein appear to recognize that the above conclusion is in accordance with the applicable law. It is readily inferred that the Trustee had neither the time nor the opportunity to confer with each employee as to the terms of his employment. It may be further inferred that the present employees received compensation for services performed in accordance with the terms of the contract. In other words, the contract was used as a yardstick or measure of obligations. To knowingly conform to the terms of a contract in a reorganization proceeding is quite different from its assumption. In re Public Ledger, 3 Cir., 161 F.2d 762; In re Capital Foundry Corp., D.C., 61 F.Supp.

332. While Chapter 10 lays down a scheme for the conduct of affairs of financially embarrassed corporations to the end that the going value of the assets may be preserved, reorganization has its practical aspects and the statutory scheme does not entirely foreclose them. This Court finds that the labor contract was neither adopted nor rejected by the Trustee within the meaning of the pertinent provisions of the Bankruptcy Act.

 It is well settled that the commencement of bankruptcy proceedings constitute an anticipatory breach of an executory contract. The labor contract not having been assumed may not be considered breached by the Trustee. The union's contention on this point is therefore rejected. In re Public Ledger, D.C., 63 F.Supp. 1008, at page 1014; reversed on other grounds, 3.Cir., 161 F.2d 762.

There remains then to be considered the question as to whether or not the payment of the monthly pensions to the retired employees constitute a part of the consideration for the services presently performed by employees. It is not necessary to discuss the economic benefit contributed by the pensioners or to determine its present status, since here the express language of the labor contract makes the payment of pensions a part of the consideration for the day to day efforts of the employees. The hourly rate of pay, the provision for vacation pay, seniority rights, the settlement of grievances, are all a part of the benefits received by the worker. They are a part of the reward for his effort; a part of his wage, In re Willow Cafeterias, 2 Cir., 111 F.2d 429; In re Capital Foundry, supra, and this Court is not justified in attempting to separate or isolate the elements which go to make up the total benefits. They are all in one package.

No judicial decision is cited which might be termed a precedent in this case and it would seem that the determination of the question would depend upon the particular facts involved. Equitable considerations dictate that under the circumstances existing in this case the payment of the monthly pensions are a part of operating expense and as such should be paid by the Trustee during the period that the parties knowingly conform to the terms of the contract. Bowen v. Hockley, 4 Cir., 71 F.2d 781, 94 A.L.R. 856. This decision is without prejudice to any further action on the part of interested parties.

There are three employees who have received retirement or pension benefits by virtue of the action of the board of directors of the debtor corporation rather than on account of any labor contract. These three employees, Messrs. Crippen, Lennehan and Spangenberg, were not served in this proceeding and did not appear therein. The only evidence before the Court is that payments made to them are in the nature of gratuities given by the board of directors and without contract obligations as to the term of their continuance. Under the circumstances the Trustee is directed not to pay the monthly pension payments to each of the three above-named persons pending action on their part to determine the status of payments which they may claim to be due to them. In re Compania, etc., D.C., 76 F.Supp. 521.

It is ordered accordingly.