**In re M & S AMUSEMENT ENTER-PRISES, Inc.**

**No. 1553.**

United States District Court
D. Delaware.

June 28, 1954.

Vincent A. Theisen and Aubrey B. Lank, Wilmington, Del., for debtor.

Clair J. Killoran, of Killoran & Van Brunt, Wilmington, Del., for Standard Bitulithic Co.

Albert W. James, of Morris, James, Hitchens & Williams, Wilmington, Del., for Hessler Realty Co.

Henry van der Goes, of Morris, James, Hitchens & Williams, Wilmington, Del., for Equitable Security Trust Co.

William L. Matz, Philadelphia, Pa., for Berlo Vending Co.

Leonard G. Hagner, U. S. Atty., and H. Newton White, Asst. U. S. Atty., Wilmington, Del., and William J. Hagan, Washington, D. C., for the United States.

Mrs. E. R. Perling (Creditor) for Editor of Wilmington Record, pro se.

LEAHY, Chief Judge.

Debtor in possession seeks instructions re rejection of an executory contract dated May 15, 1952, and supplemented October 28, 1952, with creditor Berlo Vending Company, which was a concessionaire of foodstuffs at Debtor's drive-in open-air motion picture theater. Petition for reorganization under Chapter X, 11 U.S.C.A. § 501 et seq., was filed on December 31, 1953. Before and since the filing of the petition, Debtor has not received cash payments of its 25% of concessionaire's gross sales as agreed to by the parties, because by other terms of the agreement Berlo may retain and apply that sum of 25% of gross to credit antecedent indebtedness. Debtor contends rejection of the Berlo contract, and consequent cash realization of the percentage of concession proceeds is essential, if Debtor is to reap the benefits of Chapter X, to make current payments to two other creditors, a lessor and two conditional sales contractors. Joining Debtor's plea for permission to reject the Berlo contract are the lessor, Standard Bitulithic, one of the largest creditors, and the United States in behalf of its tax claims. Opposing, Berlo urged the untimeliness of rejection since § 70(b)'s mandatory sixty day period had expired without rejection by Debtor. Applicability of § 70, sub. b, of the Bankruptcy Act to Reorganization Proceedings is thus put in issue.

1. Chapter X is only a part of the comprehensive statute relating to both bankruptcies and reorganizations. Each statutory chapter is tailored to a particular problem, and many sections clash or are inconsistent with provisions of other chapters. Of this the Congress was well aware at the time of enactment, and supplied a solving rule of procedure. § 102 of Chapter X provides the provisions of Chapters I to VII of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., shall apply to Chapter X proceedings only wherein such provisions are not inconsistent with those of Chapter X itself; otherwise, corporate reorganizations are unaffected thereby.

2. I find inconsistency between § 70, sub. b—and consequently the inapplicability of its 60 day limit to rejection of Berlo's executory contract—and Chapter X's §§ 116(1) and 216(4). Section 70, sub. b, of the Bankruptcy Act, as amended, 11 U.S.C.A., Chap. 7, § 110, provides in part:

"Within sixty days *after* the *adjudication*, the trustee shall assume or reject any executory contract, including unexpired leases of real property: Provided, however, That the court may for cause shown extend or reduce such period of time. *Any such contract or lease not assumed or rejected within such time*, whether or not a trustee has been appointed or has qualified, *shall be deemed to be rejected.*" (Emphasis mine.)

Thus, under the Bankruptcy Act, a trustee is required, within sixty days after adjudication, to assume or reject an executory contract, which, if not assumed or rejected within such time is deemed to have been rejected.

Section 116(1) of Chapter X, however, 11 U.S.C.A. § 516, provides:

"Upon the approval of a petition, the judge may, in addition to the jurisdiction, powers, and duties hereinabove and elsewhere in this chapter conferred and imposed upon him and the court—

"(1) permit the rejection of executory contracts of the debtor, except contracts in the public authority, upon notice to the parties to such contracts and to such other parties in interest as the judge may designate".

Under these provisions the Court rather than the Debtor is required to act; there is no specific time limitation placed upon such action; and no reference is made to the consequences attendant upon the failure to assume or reject an executory contract.

■ 3. This comparison illustrates the difference of treatment of executory contracts by the Bankruptcy Act and the Chandler or corporate reorganization Act. In one instance, the purpose of the Act is to liquidate, while in the other corporate continuance may be anticipated. In the first instance, a contract not assumed or rejected within 60 days is deemed to have been rejected. In the other, the contract cannot be assumed or rejected until all of the circumstances of the case are considered by the Judge of the reorganization court.

Still a further example of § 70(b)'s inconsistency is Chapter X's § 216. This section prescribes the provisions of a plan of reorganization under Chapter X. Subparagraph 4 thereof states the plan of reorganization "may provide for the rejection of any executory contract except contracts in the public authority". Inherent in the provision is the recognition many plans of reorganization are not submitted for the consideration of stockholders, creditors and the court within a period of sixty days of the filing of a petition for reorganization. This difference with § 70, sub. b, is another indication Congress did not intend the bankruptcy provisions to control the assumption or rejection of executory contracts in reorganization proceedings.

4. The inapplicability of § 70, sub. b, to a Chapter X situation is not without authoritative support. Title Insurance & Guaranty Co. v. Hart, 9 Cir., 160 F.2d 961, certiorari denied 332 U.S. 761, 68 S.Ct. 64, 92 L.Ed. 347; In re Childs Co., D.C.S.D.N.Y.1944, 64 F.Supp. 282. In the latter case, 64 F.Supp. at page 286, Judge Conger said: "I am convinced that the provisions of § 70, sub. b, are inconsistent and in conflict with the provisions of Sections 116(1) and 202, and, therefore, may not be considered in any way as governing the machinery for the rejection of leases by a Trustee in a Chapter X proceeding." Professor Moore adds approval of the reasoning of these cases when, in commenting on the first three sentences of § 70, sub. b, he states: "These sentences are inapplicable under Chapter X by virtue of Section 102, because inconsistent with Section 116(1) and Section 216(4) and with the purposes and theory of Chapter X". 6 Collier on Bankruptcy (14th ed.) 689, note 49. In re Italian Cook Oil Corp., 3 Cir., 190 F.2d 994, cannot be interpreted as holding to the contrary. That case did not purport to treat the specific question presented by the Debtor's application here. Rather, the Italian Cook Oil case concerns the inseparability of burdens and benefits of a contract once the trustee elects to perform entirely.

■ 5. Although desired by the Debtor here, partial rejection and partial acceptance of the Berlo contract will not be ordered. On this issue I adopt the pronouncement in 6 Collier on Bankruptcy (14th ed.) 701: "Where an executory contract is rejected pursuant to Section 116(1) the rejection is effective immediately, regardless of whether or not a reorganization plan is later confirmed; and the rejection is effective not only for the purposes of Chapter X, but for all purposes and is binding upon the trustee in the event the estate is subsequently administered in bankruptcy. The contract, however, cannot be rejected piecemeal; it must be rejected in its entirety or not at all." See also Johnson v. Kurn, 8 Cir., 95 F.2d 629. Accordingly, it is

Ordered, Debtor's petition for instructions is granted and the executory contract between the Debtor, M and S Amusement Enterprises, Inc., and Berlo

Vending Company; dated May 15, 1952, as supplemented by agreement dated October 28, 1952, may be rejected by the Debtor for the reasons hereinabove appearing.