**TEXAS IMPORTING COMPANY, Ltd.,**
**Appellant,**

v.

**BANCO POPULAR de PUERTO RICO,**
etc., Appellee.

No. 22445.

United States Court of Appeals
Fifth Circuit.

April 26, 1966.

Louis M. Jepeway, Jepeway & Gassen, Miami, Fla., for appellant.

Irving M. Wolff, Miami, Fla., for appellee.

J. Edward Worton, Miami, Fla., for interested party.

Before PHILLIPS,* RIVES and COLEMAN, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge:

Texas Importing Company, Ltd.,[1] by this appeal challenges an order of the district court approving a plan of reorganization of Atlas Sewing Centers, Inc.,[2] under Chapter X of the Bankruptcy Act (11 U.S.C.A. §§ 501–676), and overruling Texas Company's specific objections to that part of the plan which rejected as an executory contract an unexpired lease[3] of real property, in which Texas Company was lessor and the debtor lessee.

On June 22, 1962, Atlas filed its petition for reorganization under Chapter X of the Bankruptcy Act in the United States District Court for the Southern District of Florida. On the same day, the United States District Judge, who took charge of the proceeding, entered an order approving the petition, appointing a trustee, and, among other things, directing:

"14. That the Trustee shall, by August 24, 1962, report to this Court as to the advisability of rejecting any contract of the Debtor, executory, in whole or in part, and as to the continuance of operation by the Trustee under any of said contracts, within said period allowed for such report."

The record does not show that the trustee ever complied with that order.

On September 20, 1962, the attorney for the trustee in a letter to Texas Company notified it that the "Trustee in Reorganization has elected to ratify the lease."

The trustee continued to occupy and use the leased premises, but paid as compensation therefor less than the rent stipulated in the lease.

Prior to the order approving the plan, the court had not ordered either the adoption of the lease or the rejection thereof.

11 U.S.C.A. § 516 in part here pertinent provides:

"Upon the approval of a petition, the judge may, * * *

"(1) permit the rejection of executory contracts of the debtor, except contracts in the public authority, upon notice to the parties to such contracts and to such other parties in interest as the judge may designate."

11 U.S.C.A. § 616 in part here pertinent provides:

"A plan of reorganization under this chapter—

*  *  *  *  *  *

"(4) may provide for the rejection of any executory contract except contracts in the public authority."

11 U.S.C.A. § 506 provides that the term "executory contracts" shall include unexpired leases of real property.

11 U.S.C.A. § 602 in part here pertinent provides:

"In case an executory contract shall be rejected *pursuant to the provisions of a plan* or to *the permission of the court* given in a proceeding under this chapter, * * * any person injured by such rejection shall, for the purposes of this chapter and of the plan, its acceptance and confirmation, be deemed a creditor. The claim of the landlord for injury resulting from the rejection of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall be provable, but shall be limited to an amount not to exceed the rent, without acceleration, reserved by such lease for the three years next succeed-

---

* Of the Tenth Circuit, sitting by designation.

1. Hereinafter called Texas Company.

2. Hereinafter referred to as Atlas or as the debtor.

3. Hereinafter referred to as the lease.

ing the date of the surrender of the premises to the landlord or the date of reentry of the landlord, whichever first occurs, * * *." (Italics ours.)

■ We think that §§ 516, 616, and 602, when read together, clearly indicate Congress intended that before an executory contract should be rejected, a judicial hearing and inquiry, at which interested parties might be heard, should be held, and that an executory contract could be rejected only with permission of the court, and we so conclude.

■ Under Chapter X of the Bankruptcy Act § 116(1) (11 U.S.C.A. § 516 (1)) the power to order rejection is vested solely in the judge and may not be exercised by a referee, even though the proceedings have been generally referred under § 117 (11 U.S.C.A. § 517), and it may only be ordered after notice and a hearing. It requires judicial action and decision by the judge and not merely administrative action and decision by the trustee.[4]

Chapter X does not expressly provide that executory contracts may be adopted or assumed only with the approval of the court, but we think by necessary implication it requires judicial approval for such adoption or assumption.

If a trustee, without authorization by the court, can assume or adopt such a contract, or by conduct which would constitute an estoppel between private persons, could bar the court from exercising its statutory power to authorize the rejection of such a contract, then the power to determine that such a contract should or should not be rejected would be lodged in the trustee. We think no such result was intended.

■ Section 70(b) of the Bankruptcy Act (11 U.S.C.A. § 110(b)), which requires the assumption or rejection of executory contracts, including unexpired leases of real property, within 60 days after adjudication, is inapplicable in a Chapter X proceeding.[5]

■■ While in equity receiverships failure to reject, plus affirmative conduct over a long period may show an adoption, that rule should not be applied in Chapter X proceedings. Close judicial supervision of the entire proceeding is a major tenet of Chapter X. Assumption or adoption of executory contracts may have an important bearing on the financial status of the debtor, and should not be implied from conduct of the trustee or debtor in possession, but should be the result only of judicial consideration.[6]

Our conclusion is supported by the text of Collier on Bankruptcy, 14th Ed., 1965 Revision of Vol. 6, ¶ 3.23, pp. 576–585, and by the adjudicated cases.[7]

Our conclusion does not leave the other party to the executory contract without a remedy. If he wants to protect his rights, he should be zealous in seeking the remedy available to him. After a reasonable time under the existing circum-

4. In re Cheney Bros., D.C.Conn., 12 F. Supp. 605, 608; Collier on Bankruptcy, 14th Ed., 1965 Revision of Vol. 6, pp. 561, 562, ¶ 3.23, 11 U.S.C.A. § 516.

5. Collier on Bankruptcy, 14th Ed., 1965 Revision of Vol. 6., ¶ 3.23, pp. 576–578, n. 49; See also, 1964 Cumulative Supplement to Collier on Bankruptcy, p. 28, n. 49;
Title Insurance and Guaranty Co. v. Hart, 9 Cir., 160 F.2d 961, 965, 966;
In re M & S Amusement Enterprises, Inc., D.C.Del., 122 F.Supp. 364, 365, 366.

6. Collier on Bankruptcy 14th Ed., 1965 Revision of Vol. 6, ¶ 3.23, pp. 574, 575, n. 40; In re Schenectady Ry. Co., D.C. N.D.N.Y., 93 F.Supp. 67, 69;

In re Public Ledger, D.C.E.D.Pa., 63 F.Supp. 1008, 1015, 1016, reversed on appeal, In re Public Ledger, Inc., 3 Cir., 161 F.2d 762, the Court of Appeals holding that the trustee, under the facts, adopted the contract in question pursuant to authority so to do given him by the court. See also, In re M & S Amusement Enterprises, Inc., D.C.Del., 122 F. Supp. 364, 366.

7. In re Walker, 2 Cir., 93 F.2d 281, 283;
In re Schenectady Ry. Co., D.C.N.D.N.Y., 93 F.Supp. 67, 69;
In re Childs Co., D.C.S.D.N.Y., 64 F. Supp. 282, 286.

stances has elapsed, he may petition the court for an order of affirmative assumption or rejection of his executory contract.[8]

Affirmed.

8. Central Manhattan Properties v. D. A. Schulte, Inc., 2 Cir., 91 F.2d 728; In re Chase Commissary Corporation, D.C.S.D.N.Y., 11 F.Supp. 288, 290.

See also, Philadelphia Company v. Dipple, 312 U.S. 168, 174, 61 S.Ct. 538, 85 L.Ed. 651; Collier on Bankruptcy, 14th Ed., 1965 Revision of Vol. 6, ¶ 323, p. 576.