**George DiLAURO, Trustee In Bankruptcy for Estate of Waterman Products Co., Incorporated, Bankrupt, Appellant,**

v.

**ELECTRONIC WHOLESALERS, INC., a body corporate, Appellee.**

No. 4049.

District of Columbia Court of Appeals.

Argued Nov. 20, 1967.

Decided Feb. 28, 1968.

Robert I. Rudolph, Washington, D. C., for appellant.

Michael I. Smith, Washington, D. C., with whom Jerome H. Simonds, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

In September 1962, a petition was filed in the United States District Court for the Eastern District of Pennsylvania for reorganization of Waterman Products Co., Inc. under Chapter X of the Bankruptcy Act, 11 U.S.C.A. §§ 501–676. Two days later appellant, George DiLauro, was appointed operating trustee of Waterman for purposes of reorganization. The reorganization proved

unsuccessful and in January 1964 DiLauro was appointed trustee in bankruptcy for Waterman.

When DiLauro was appointed trustee for reorganization, he was instructed, according to his testimony, by the court to make a survey of the orders on the company books and report back if there were sufficient orders for operation, and whether operation would be beneficial. DiLauro instructed the employees "to firm up" the orders and cancel those that were not to be filled.

On the books of Waterman were a number of unfilled orders from appellee, Electronic Wholesalers, Inc. of Washington, D. C., which had been a customer of Waterman for some time. Also on the books of Waterman was a credit in favor of Electronic of approximately $1,300 for certain returned merchandise. Some employee of DiLauro contacted Electronic, apparently by telephone, concerning the unfilled orders, and Electronic cancelled a portion of the orders but indicated it wished the remainder filled. (There is no evidence that the employee notified Electronic of the pendency of the reorganization or of DiLauro's appointment as trustee, and DiLauro admitted he sent no notice of his appointment to Electronic.) A decision was made to continue operation of Waterman, and Electronic's orders were filled and the goods shipped in November and December 1962. When demand was made for payment for the goods, Electronic asserted a right to set off its credit on the company books against the claim.

DiLauro brought this action on the theory that the goods delivered in November and December 1962 were in compliance with contracts with the operating trustee and were separate and distinct from any previously existing contracts between Electronic and Waterman, and that Electronic's credit with Waterman was not the proper subject of set-off against the trustee's claim. The trial court allowed the set-off and the correctness of its action is the question before us.[1]

In considering this question we have before us the testimony of DiLauro, the only witness at trial, his exhibits [2] and the concessions of the parties. The trial court made certain findings based on supposed testimony of witnesses for Electronic, but as there were no such witnesses we disregard those findings.

We think it is clear that when the trustee in reorganization was appointed, the unfilled orders of Electronic on the books of Waterman constituted an executory contract between Waterman and Electronic, and that the trustee had the choice of either adopting or rejecting the contract. In reorganization under Chapter X, specific provision is made for rejection of an executory contract with permission of the court. See 11 U.S.C.A. § 516.[3] There is no evidence in the record that the trustee was authorized by the court to reject Electronic's orders or that the trustee took any action indicating a rejection of the orders. The testimony of the trustee that he ordered the employee to "firm up" the orders carries the implication of an adoption rather than a rejection.

Admitting that he never mailed notice of the proposed reorganization or of his appointment as trustee, to Electronic, the trustee attempts to establish a new and independent contract between him and Electronic by relying upon a notice published in a trade magazine and a notice

---

1. In addition to the old orders, Electronic placed a new order in October 1962, and this order was also filled. Electronic conceded that payment for this order was due the trustee and the trial court gave judgment for it. This contract is not in issue on this appeal.

2. The exhibits did not include any of the records of the bankruptcy court.

3. See also In re M & S Amusement Enterprises, 122 F.Supp. 364 (D.C.Del.1954).

**164**

stamped on the invoices accompanying delivery of the goods. The notice in the trade magazine was inadequate under the circumstances here.[4]

The invoices which accompanied delivery of the goods appeared to be invoices of Waterman Products Co. At the bottom of each invoice was a certificate by Waterman Products Co. that the goods had been produced in compliance with the Fair Labor Standards Act and opposite the certificate was stamped the following: "Pay this invoice to Waterman Products Co., Inc. George DiLauro, Trustee Under Reorganization Act. Cause #27452"

We are unwilling to hold that such a notice upon an invoice sent after completion of the order can be construed as notice that an executory contract had been rejected and that acceptance of the goods constituted a new contract with the trustee whose existence, as far as the record shows, until that time was unknown to Electronic. Furthermore, there is no evidence that the stamped notice ever came to the attention of any officer of Electronic and it may be noted that Electronic did not make payment, less the credit, to the trustee but made payment to a Pennsylvania bank in accordance with its previous practice with Waterman.

In conclusion, we hold that the trustee did not reject Electronic's orders but instead adopted them and took their burdens as well as their benefits.[5]

While there is no specific provision in Chapter X authorizing set-off, § 502 makes applicable § 108 a of ordinary bankruptcy proceedings providing for set-off of mutual debts or mutual credits. It is also generally accepted that the court in a reorganization proceeding is not strictly controlled by § 108, but may apply equitable principles, including the equity rule of set-off if warranted by the circumstances.[6] Here all the equities favor Electronic, and the trial court properly allowed set-off.

Affirmed.

---

4. See In re Harbor Tank Storage Co., 385 F.2d 111 (3rd Cir. 1967).

5. See In re Italian Cook Oil Corp., 190 F. 2d 994 (3rd Cir. 1951).

6. Lowden v. Northwestern Nat. Bank & Trust Co., 298 U.S. 160, 56 S.Ct. 696, 80 L.Ed. 1114 (1936).