In re FLYING W AIRWAYS, INC. and its wholly owned subsidiary Red Dodge Aviation, Inc., Debtors.

In Proceedings for Reorganization of a Corporation under Chapter X of the Bankruptcy Act.

No. 70–589.

United States District Court, E. D. Pennsylvania.

May 11, 1971.

Lewis Gold, Philadelphia, Pa., for trustees.

Neil Epstein, Philadelphia, Pa., for debtors.

William J. Bailey, Croft & Bailey, Anchorage, Alaska, for Denali Services Co., Inc.

Raymond Midgett, Philadelphia, Pa. for Girard Trust Bank and Farmers Bank of Delaware.

## MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

We have before us the petition of the reorganization debtor to reject an executory sublease. For the reasons hereinafter stated, the petition will be granted.

Petitioners are the duly qualified trustees of Red Dodge Aviation, Inc.[1] ("Red Dodge"). Red Dodge is engaged in the business of carrying commercial air freight between Anchorage, Fairbanks, and the North Slope of Alaska pursuant to the rights granted to it by the Alaska Transportation Commission.

Red Dodge is sublessee of premises located at the Air Industrial Park, Fairbanks International Airport. The premises are used for the staging, storage, loading, unloading and parking of aircraft, and also for office space, under a sublease agreement with Denali Services Co., Inc. ("Denali") for a term of three (3) years commencing January 15, 1970, and ending January 14, 1973, at a rental of $3,353.55 per month, plus insurance on inventory and personal property taxes. The petition to reject this executory sublease was filed on March 10, 1971. Notice of hearing was sent to debtor's counsel in Alaska. A hearing on the matter was held on April 14, 1971, at which testimony was taken. Denali's counsel did not appear but filed a written brief in opposition to the petition.

The gravamen of the trustees' petition is that the leased premises do not include hangar space and that, because of the frigid temperatures in the winter months at Fairbanks, the debtor was unable to perform maintenance on its aircraft at the leased premises and was forced to conduct costly ferry flights to Anchorage and places outside Alaska so that maintenance could be performed. At the hearing conducted on this matter, the trustee Eugene Bernstein testified that, because of this situation, the lease is burdensome to the debtor's estate.

Mr. Bernstein further testified that the trustees had negotiated a lease with another party at the Fairbanks International Airport providing for all of the facilities included in the Denali sublease, plus the use of a hangar for Red Dodge's aircraft. The Federal Aviation Agency does not permit outdoor maintenance operations in Fairbanks' temperatures except in the warm months of the year, and the new facility obviates the ferry flights.

Section 116(1) of the Bankruptcy Act, 11 U.S.C. § 516(1) provides that upon the approval of a reorganization petition the judge may:

> (1) permit the rejection of executory contracts of the debtor, except contracts in the public authority, upon notice to the parties to such contracts and to such other parties in interest as the judge may designate.

Section 106(7) defines "executory contracts" to include "unexpired leases of real property". Accordingly, the lease which is here involved is subject to rejection under Section 116(1).

A determination to permit rejection of an executory lease is based upon the benefit of the lease to the estate. Where the contract is detrimental and of little or no benefit to the estate its rejection should be permitted. 6 Collier, Bankruptcy (14th ed. 1970) par. 3.23 [4]. Where the contract is burdensome and of no value to the continued operation of the debtor's business then it should be rejected in order to protect the creditors against unwarranted expenditures. See In re Chicago Rapid Transit Co., 129 F.2d 1, 4–5 (7th Cir. 1942) and In re American Nat. Trust, 426 F.2d 1059 (7th Cir. 1970).

Denali does not really question the merits of the trustees' petition. It does not contend that the lease is advantageous and therefore should not be rejected, but it merely asserts that the trustees' petition should be denied because it was not filed within a reasonable time. The trustees were appointed on September 29, 1970. On December 7, 1970, the Trustees advised Denali that the premises would be vacated on December 14, 1970, which they were, and this petition was thereafter filed.

---

1. The reorganization proceedings of Red Dodge and its parent, Flying W Airways, Inc., originally filed separately, were con-solidated by order of this Court on December 29, 1970.

Section 116(1) does not provide any time limitation within which the trustees must reject an executory lease. The courts have recognized that there is no fixed period of limitations within which the trustees must request rejection of an executory contract. Title Ins. & Guaranty Co. v. Hart, 160 F.2d 961, 965 (9th Cir. 1947). See also In re Childs Co., 64 F.Supp. 282, 285 (S.D.N.Y.1944), which holds that Section 116(1) gives the judge authority to authorize rejection of an executory contract without any time limitation.

■ The absence of any time period upon the exercise of the authority to permit rejection of executory contracts is made clear by Section 216(4) of the Bankruptcy Act which permits a plan of reorganization to provide for the rejection of any executory contract. Reorganization plans are seldom formulated within 60 days or any other such short period of time. Title Ins. & Guaranty Co. v. Hart, *supra*. In any event, rejection of an executory contract requires a judicial act, and no action or inaction of the trustees can create an estoppel barring judicial scrutiny and the exercise of the power granted in Section 116(1). Texas Imp. Co. v. Banco Popular, 360 F.2d 582 (5th Cir. 1966). At the very least, the matter rests within the sound discretion of the Court. In re 211 East Delaware Place Bldg. Corporation, (7th Cir. 1935) 76 F.2d 834.

■ The Court believes that the trustees have acted within a reasonable time. On December 14, 1970, less than three months after their appointment the trustees vacated the subject premises, and thereafter filed this petition to reject the lease of these unnecessary premises. This compares with rejection authorized upon petition filed within 19 months after initiation of the proceedings (In re Chicago Rapid Transit Co., *supra*) and within 16 months from the filing of the reorganization petition and 14 months from appointment of the trustees (In re American Nat. Trust, *supra*).

The Court also concludes that the sublease with Denali is of no benefit to the estate and is an unnecessary burden. Accordingly, its rejection is authorized under Section 116(1). While Denali also requests that the Court require the rejection of the executory sublease be predicated upon the trustees' payment of rent from the date of filing the petition to the date of attempted rejection, the Court finds no authority for such a ruling. Denali must file its claim for use and occupancy, and at that time the Court will pass upon the reasonableness of the payment requested.