In the Matter of GULFCO INVEST-MENT CORPORATION, and its wholly owned subsidiary, Family Loan, Inc., of Springfield, Missouri, et al., Debtors.

P.M.G. CORPORATION, Appellant,

v.

Dan HOGAN, Trustee, Appellee.

No. 74–1727.

United States Court of Appeals, Tenth Circuit.

Submitted July 9, 1975.

Decided Aug. 13, 1975.

Collier H. Pate, Eagleton, Nicholson & Pate, Oklahoma City, Okl., for appellant, P.M.G. Corp.

James P. Linn, Linn, Helms & Kirk, Oklahoma City, Okl. (James A. Kirk, Linn, Helms & Kirk, Oklahoma City, Okl., on the brief), for appellee, Dan Hogan.

Before HILL, McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

A question crucial to this appeal is whether in a Chapter X bankruptcy proceeding the district court has summary jurisdiction to restrain a creditor of the debtor from rescinding the contract which it entered into with the debtor prior to the Chapter X proceedings.

Intertek Financial Corp. is one of the debtor corporations. It had entered into a contract with P.M.G. Corporation on May 10, 1973 under the terms of which Intertek agreed to purchase 8,383 acres of land in Arkansas. Title was to remain in the seller, and the purchaser, Intertek, was given the right to construct roads and to secure a warranty deed to portions of the property upon meeting conditions of installment payments prior to the payment of the full purchase price. The seller was given the right to rescind should there be a default continuing for 30 days following written demand for payment.

Intertek made payments totaling $349,110.77 of a total purchase price amounting to $1,249,425.00. These were payments prior to April 1, 1974, the date of the filing and approval of the petition for Intertek's reorganization under Chapter X of the Bankruptcy Act (11 U.S.C. § 501 et seq.).

On June 26, 1974, the trustee filed an application seeking authority to assume the contract. But on June 28, 1974, the trustee filed another motion seeking to postpone the hearing on the application to assume the contract so that the deputy trustee would have time to evaluate the contract. Thereupon the court entered an order postponing the hearing on July 1, 1974.

On July 1, 1974, P.M.G. demanded payment that was due on that date. Following that, P.M.G. on August 1, 1974, gave notice of rescission of the contract for non-payment of the July 1 installment. The trustee thereupon filed an application for a restraining order enjoining rescission of the contract. A hearing was held on September 27, 1974, following which the district court, on October 2, 1974, issued an order restraining P.M.G. from rescinding the contract. The court said that the trustee was allowed a reasonable time to decide whether to accept or reject the executo-

ry contract. It was this order that P.M.G. appealed, claiming the lack of summary jurisdiction to restrain the issuance of the contract. The main contention of P.M.G. is that § 111 of the Bankruptcy Act (11 U.S.C. § 511) gives the court limited summary jurisdiction over property. Its jurisdiction, according to the argument, is limited to property of the debtor. The argument continues that this property is not in the debtor's possession. In fact, it is not in the possession of anyone.

This argument loses sight of § 116(1) of the Act, 11 U.S.C. § 516, which states that the reorganization court has the authority to allow rejection of executory contracts of the debtor.[1] This is recognized by the cases. *See In re American National Trust*, 426 F.2d 1059 (7th Cir. 1970); *Workman v. Harrison*, 282 F.2d 693 (10th Cir. 1960); *Consolidated Gas Electric Light & Power Co. v. United Railways & Electric Co.*, 85 F.2d 799 (4th Cir. 1936), *cert. denied*, 300 U.S. 663, 57 S.Ct. 493, 81 L.Ed. 871 (1937). It is implicit in the power to reject executory contracts to allow the exercise of power to adopt executory contracts. *See Texas Importing Co. v. Banco Popular de Puerto Rico*, 360 F.2d 582 (5th Cir. 1966) and *Consolidated Gas Electric Light & Power Co. v. United Railways & Electric Co., supra*. The cases also recognize that the trustee has reasonable time to decide whether to adopt or reject an executory contract. This principle is expounded by Professor Collier as follows:

> Theoretically, the power to assume or reject an executory contract exists until confirmation of the reorganization plan. But from the standpoint of the other party to the contract, the settled rule—borrowed from equity receivership practice—is that the trustee or debtor in possession has a reasona-

ble time within which to decide whether adoption or rejection is the better course to recommend to the court. Such right is paramount to the other party's right to assert an anticipatory breach because of bankruptcy, or the right to claim a forfeiture, as in a lease, because of non-performance by the trustee or debtor in possession.

6 J. Moore & L. King, Collier on Bankruptcy § 3.23 (1965). The cases also recognize this rule. *See Philadelphia Co. v. Dipple*, 312 U.S. 168, 61 S.Ct. 538, 85 L.Ed. 651 (1941); *In re Maryvale Community Hospital, Inc.*, 456 F.2d 414 (9th Cir.), *cert. denied*, 409 U.S. 879, 93 S.Ct. 133, 34 L.Ed.2d 133 (1972); *In re American National Trust, supra; In re Chicago Rapid Transit Co.*, 129 F.2d 1 (7th Cir.), *cert. denied*, 317 U.S. 683, 63 S.Ct. 205, 87 L.Ed. 547 (1942); *In re United Cigar Stores of America*, 89 F.2d 3 (2d Cir. 1937). If reasonable time can be granted, a necessary corollary is that the court has the power to preserve the status quo while the trustee is utilizing the reasonable period of time to make up his mind. *In re United Cigar Stores of America, supra*, at 6. The court there stated that the trustee is entitled to a reasonable opportunity to determine whether to adopt or reject executory contracts. The court went on to say that it may be assumed that he could restrain the other party from disposing of the subject matter or acting in a manner which would impair the trustee's option.

At bar the trustee could not be expected to decide the matter overnight because of its complexity. He had to evaluate the future resources of the bankrupt company and the potential of the land. Therefore, the district court did not commit error in extending to the trustee additional time to analyze the problem.

---

1. The pertinent language of § 116 is as follows:

   Upon the approval of a petition, the judge may, in addition to the jurisdiction, powers, and duties in this chapter conferred and imposed upon him and the court—

   (1) permit the rejection of executory contracts of the debtor, except contracts in the public authority, upon notice to the parties to such contracts and to such other parties in interest as the judge may designate.

P.M.G. relies on *Schokbeton Industries, Inc. v. Schokbeton Products Corp.*, 466 F.2d 171 (5th Cir. 1972) and *In re American National Trust*, 426 F.2d 1059 (7th Cir. 1970). In *Schokbeton* the court did not reach the issue that we are considering, that is, whether the court had jurisdiction to restrain a rescission. The debtor had an exclusive franchise to sell precast concrete from Schokbeton Products Corp. The court held that a contract termination is not automatically tolled by the filing of reorganization. Since it did not take up the question of restraint for a reasonable period of time, we do not consider it in point.

Similarly, in *In re American National Trust* the concern was with a different question. The court ordered the purchasers to reconvey the property and return the deposit. The court said that this relief was appropriate for a court only in a plenary action. However, *National Trust* is wholly consistent with the position of the trustee here in contending that P.M.G. cannot terminate the contract in the face of the debtors having spent substantial amounts and in view of the fact that the value of the land is apparently rising. All of this militates against uninhibited rescission by P.M.G. The equities of the debtor are substantial and call for granting time to determine whether it wishes to adopt the contract. The countervailing equities of P.M.G. are not impaired because if the trustee decides to adopt the contract, it will have to make the payments that it has missed with interest. Should the trustee decide to reject the contract, P.M.G. would have a meritorious complaint against the estate for damages.

In summary, then, the district court was correct in its holding that the contract between P.M.G. and Intertek was to remain in force for a reasonable time to permit the trustee to determine whether to adopt or reject it.

The above described order of the district court is therefore affirmed.