[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is an appeal from an order and decree of the Probate Court for the district of Redding approving the defendants' application to sell certain specifically devised real property located at 28 John Beach Road, Newtown, Connecticut, for the sum of one hundred ninety-eight thousand ($198,000) dollars. Pursuant to § 45a-428 of the General Statutes, the Probate Court found the Estate of Raymond A. Plunske to be solvent but with insufficient assets to pay the debts, taxes, and administrative charges against it. The defendants, Mary Helen Plunske and Ann Grant, are coexecutrices of the estate.
The appeal states that the appellant, Raymond Plunske, the decedent's son, is an heir at law and a beneficiary of the decedent's will, and that he was aggrieved by the Probate Court's decree. In his "Reasons For Appeal," he asserts that he is appealing on the ground that the distribution of the proceeds collected from the sale of the Newtown property, which was devised equally to himself and Mary Helen Plunske, will not be proportionately or equitably divided between them. He claims that the net result of the Probate Court's decree will be a windfall for Mary Helen Plunske in that, contrary to the intent of the testator, the debts relating to her share of the real property in the estate will be satisfied at the expense of the appellant's share. The appellant requests this court to order the coexecutices to divide the proceeds from the sale of the Newtown property proportionately between himself and Mary Helen Plunske or, alternatively, to order property in the estate specifically devised to Mary Helen Plunske sold to assure that the expenses are divided proportionately. The defendants have filed a motion for summary judgment on the ground that there is no genuine issue of material fact between the parties as to the existing decree of the Probate Court and they are entitled to judgment as a matter of law.
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary CT Page 4723 judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368 (2000).
The defendants move for summary judgment on the ground that in his "Reasons For Appeal," the appellant does not object to the present decree ordering the sale of the Newtown property, but rather "anticipates that he will be unhappy with future possible orders of the Redding Probate Court concerning distribution of the assets of the estate," and, therefore, the appeal is premature because the final account and distribution of the estate have not been presented to the Probate Court. This court agrees with the defendants.
"An appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. . . . The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. . . . Thereafter, upon consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." (Citations omitted; internal quotation marks omitted.) Kerin v. Stangle,209 Conn. 260, 263-64 (1988).
"In a probate appeal, the Superior Court cannot consider events that occurred after the issuance of the order or decree appealed from. . . . The appeal brings to the Superior Court only the order appealed from. The order remains intact until modified by a judgment of the Superior Court after a hearing de novo on the issues presented for review by the reasons of appeal. . . . The Superior Court may not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. . . . Inasmuch as the motion is made in the Court of Probate and forms a part of the proceedings in that court, no amendment to it may be made in the Superior Court. The Superior Court, therefore, cannot enlarge the scope of the appeal." (Citations omitted; internal quotation CT Page 4724 marks omitted.) Silverstein's Appeal From Probate, 13 Conn. App. 45, 54
(1987).
The appellant argues that the Probate Court erred by ordering the sale of the Newtown property to satisfy the debts of the estate because such a sale is prohibited by § 45a-266[1] and the provisions of the will. This argument is without merit. The appellant fails to recognize that under Connecticut law "[t]itle to real property passes upon death to the heirs of the owner subject to the rights of the administration." Sattiv. Rago, 186 Conn. 360, 365 (1982). Therefore, "although the procedure for the sale of specifically devised property has certain technical requirements the Probate Court can order such property sold." Zanoni v.Lync, Superior Court, judicial district of Hartford at Hartford Docket No. 533407 (September 13, 1995, Corradino, J.); see also Spath v. Estateof Spath, 17 Conn. Sup. 500 (1952). Indeed, § 45a-428 (a)[2]
authorizes the sale of specifically devised real property if the estate is insolvent and the real property has been specifically devised or the estate is solvent but no assets other than the specifically devised real property exist to satisfy estate obligations.
In the present case, the facts set forth in the affidavits submitted by the defendants in support of their motion for summary judgment, which have not been opposed by any counter-affidavit of the appellant, indicate that such a sale of specifically devised real property is necessary to satisfy the estate's obligations. The debts, taxes, and administrative charges against the estate are considerable and there are not sufficient assets to satisfy the financial burdens of the estate. (Mary Helen Plunske Affidavit; Novachek Affidavit; Sanfilippo Affidavit.) The Newtown property is the only real property which is devised equally to the two residuary beneficiaries, the appellant and Mary Helen Plunske. Accordingly, pursuant to § 45a-428 (a), the court finds that the sale of the Newtown property is warranted and in the best interest of the parties in interest.
The appellant also argues that the Probate Court erred by not directing how the proceeds of the sale of the Newtown property should be used because the distribution of the proceeds collected from the sale of the Newtown property, which was devised equally to himself and Mary Helen Plunske, will not be proportionately or equitably divided between them. The appellant's appeal is premature with respect to the distribution of the proceeds from the sale of the Newtown property. See Silverstein'sAppeal From Probate, supra, 13 Conn. App. 54. If the Probate Court issues an order with respect to this issue, the appellant may appeal the order to this court pursuant to § 45a-186 of the General Statutes.
The defendants' motion for summary judgment is granted, and the appeal CT Page 4725 is dismissed. In light of the court's decision, the appellant's motion to stay the sale of the Newtown property is denied.
Moraghan, J.T.R.